**Ex parte Vernon Douglas
SUTHERLAND.**

No. B–5210.

Supreme Court of Texas.

July 16, 1975.

Rehearing Denied Sept. 24, 1975.

Cornett, Echols & Baird, Leighton Cornett, Paris, for relator.

Kennedy & Minshew, Jack G. Kennedy and W. Lawrence Evans, Sherman, for respondent.

WALKER, Justice.

This is an original habeas corpus proceeding. Vernon Douglas Sutherland, relator, was adjudged guilty of contempt for violating the terms of a prior divorce judgment by failing to pay his former wife one-half of the "retainer pay" received by him as a member of the Fleet Reserve. He attacks the contempt order on two grounds: (1) the retainer pay received after rendition of the divorce judgment constitutes his separate earnings, relator contends, and the provision in the divorce judgment ordering him to pay one-half to his former wife is a void attempt to require the payment of alimony; and (2) he is being imprisoned for debt in violation of Article I, Section 18, of the Texas Constitution, Vernon's Ann.St. Relator urged these grounds in applying to the Court of Civil Appeals at Texarkana for a writ of habeas corpus. See Article 1824a, Vernon's Ann.Civ.St. That court granted the petition, but after a hearing it remanded relator to the custody of the sheriff. *Ex parte Sutherland*, Tex.Civ.App., 515 S.W.2d 137 (wr. dis.). Relator then applied to us for a writ of habeas corpus, and his petition was granted because we entertained doubts as to the legality of his confinement. After hearing and after further consideration of his contentions, we have concluded that he was properly remanded to custody by the Court of Civil Appeals.

The divorce judgment was rendered by the 6th Judicial District Court of Fannin County on August 31, 1971. Under its terms the divorce was granted, the minor children born to the marriage were placed in the custody of their mother, and relator was ordered to make monthly payments for support of the children. Certain real and personal property was awarded to relator, and other real and personal property was awarded to the wife.

Prior to the divorce relator had served for more than 15 years in the Naval Air Reserve. On July 15, 1970, he was released from active duty and was transferred to

inactive duty in Class F–6, United States Naval Fleet Reserve. Under the provisions of the Federal statute, a member of the Fleet Reserve is entitled, when not on active duty, to "retainer pay" based on the basic pay he received at the time of transfer and the number of years of active service in the armed forces. 10 U.S.C.A. § 6330. Relator's orders require him to report a change of address promptly, to submit to a physical examination at least once every four years, to inform his commanding officer of any change of health that might prevent active service in time of war, to answer all official correspondence promptly and comply with instructions contained therein, and to notify his commanding officer of plans to reside or travel in a foreign country for more than 30 days.

Relator is not in a retired status but may be called to active duty in time of war or national emergency. In time of peace he may be required to perform not more than two months' active duty for training in every four-year period. 10 U.S.C.A. § 6485. When he has completed 30 years of service, or when he is found not physically qualified, he will be transferred to the appropriate Retired Reserve and will then be entitled to retired pay at the same rate as the retainer pay to which he was entitled at the time of his transfer to the Retired Reserve. 10 U.S.C.A. § 6331.

The divorce judgment recites the court's conclusions that the wife, Hazel Joy Sutherland, should be awarded "an undivided ½ interest in and to that certain earned property right owned by the parties" represented by relator's having been released from active duty and transferred to inactive duty in the Fleet Reserve, that "by reason thereof he is receiving payments" in the amount of $257.00 per month, that the wife should be awarded one-half of all Fleet Reserve payments received by relator up to the date of the judgment and a like interest in all future payments received by him, and that relator should be ordered to pay same into the registry of the court. In the decretal provisions of the judgment, the retainer pay being received by relator was adjudged to be community property, a one-half interest therein was awarded to the wife, relator was ordered to pay into the registry of the court one-half of the retainer pay received by him from the time of trial up to the date of the judgment and one-half of all such pay received by him in the future, with interest at the rate of six percent per annum if not paid within 15 days after receipt, and the clerk was directed to pay the same to the wife.

Relator gave notice of appeal from the portion of the judgment relating to the retainer pay, but he evidently did not perfect his appeal. One-half of the retainer pay received by him after the trial and up to the date of the divorce judgment was paid into the registry of the court, but relator has not paid any of that received after rendition of the judgment. The former wife filed a motion to hold relator in contempt, and on June 19, 1974, after a hearing, the order now under attack was signed by the district judge. It adjudges relator guilty of contempt for violating the order of the court with respect to retainer pay, and orders that he be confined in jail for 30 days and thereafter until he purges himself by paying into the registry of the court $4,000.00 found to be in arrears.

■ Relator seeks to avoid compliance with the divorce judgment on the ground that the award to the wife of an undivided one-half interest in the "right" to receive future retainer pay is void. He is not attempting to have the prior judgment corrected, but he does insist that it is wholly ineffectual and may not be enforced with respect to retainer pay received after the judgment was signed. It is clear then that this is a collateral attack on the earlier judgment, and relator is contending, in effect, that the district court had no jurisdiction to enter the particular judgment. There are cases in which collateral attacks have been sustained on the ground that the court, although it had jurisdiction of the parties and the subject matter, did not have

jurisdiction to render the particular judgment. As we pointed out in *Austin Ind. Sch. Dist. v. Sierra Club*, Tex.Sup., 495 S.W.2d 878, the errors in these cases were quite serious and struck at the very power of the court to render the judgment. In this instance relator's "right" to future retainer pay constitutes, at least arguably, no less an earned property right than the disability retirement benefits in *Busby v. Busby*, Tex.Sup., 457 S.W.2d 551. Whether this "right" was vested and subject to division between the parties was a question to be resolved by the district court in the exercise of its jurisdiction in the divorce proceeding. The court determined at that time that relator's "right" was vested as community property, and the wife was awarded an undivided one-half interest therein. We hold that the prior judgment is not subject to collateral attack in these circumstances. See Hodges, Collateral Attacks on Judgments, 41 Tex.L.Rev. 163; *Roberts v. Southwestern Life Ins. Co.*, Tex.Civ.App., 244 S.W.2d 302 (wr. ref. n. r. e.).

We are not saying that the determination made by the court in the divorce suit is necessarily correct. See *French v. French*, 17 Cal.2d 753, 112 P.2d 235, 134 A.L.R. 366. That question is not considered or decided here. We do say that if relator wished to attack the judgment, he should have perfected his appeal. It is not subject to collateral attack in this proceeding. This does not mean that there can never be a collateral attack on any judicial determination that there is a present vested interest in money that will be received in the future. It is conceivable that the purported division of what is determined to be a "vested interest" in funds to be received by one of the spouses in the future might constitute so obvious an award of alimony that the judgment would be regarded as void and subject to collateral attack. We do not attempt to explore that question here.

The former wife's right to one-half the retainer pay received by relator and his duty to pay her share into the registry of the court, are determined by the divorce judgment. Since that is so, there is no problem here of imprisonment for debt in the constitutional sense, at least with respect to the wife's one-half of the retainer pay. Relator was constituted a trustee by the court to collect and remit to the clerk the one-half of the pay awarded to the wife. In performing that duty he will not be paying a debt but will be surrendering the share to which his former wife is legally entitled. His confinement to compel payment of the arrearage in the wife's one-half of the retainer pay is not imprisonment for debt within the meaning of Article I, Section 18, of our Constitution. See *Ex Parte Preston*, 162 Tex. 379, 347 S.W.2d 938.

The Court of Civil Appeals concluded that relator may not be confined to compel payment of interest on the arrearage. That holding has not been questioned, and we assume that the trial court will make any orders that may be necessary to insure that it is observed. It is not clear to us whether the $4,000.00 relator must pay to obtain his release includes or is exclusive of interest, but the contempt judgment has not been attacked on that ground.

It is ordered that relator be remanded to the Sheriff of Fannin County, to be by him confined under the order of the District Court, and that relator pay all costs of this proceeding.