Jack N. SPROTT, Appellant,

v.

Catherine Louise SPROTT, Appellee.

No. 8129.

Court of Civil Appeals of Texas, Beaumont.

Dec. 23, 1978.

Rehearing Denied Jan. 18, 1979.

Philip C. Friday, Austin, for appellant.

George E. Ramsey, III, Austin, for appellee.

CLAYTON, Justice.

This appeal concerns the nature of military retirement benefits of an enlisted man in the United States Naval Fleet Reserve. Appellee brought this divorce action against her husband, appellant, seeking a divorce, child conservatorship, and division of the community property. The case was tried before the court, without a jury, and judgment was entered in favor of appellee wherein she was awarded a certain interest in appellant's retirement benefits and a certain interest in appellant's retainer pay, and awarding appellee her proportionate interest in future cost of living increases in

appellant's retainer and retirement pay paid by the U.S. government.

Appellant does not appeal from the trial court's fractional interest (264/289 for retainer pay and 281/360 for retirement pay), nor from the amount of such interest (60%), but challenges the trial court's findings that (1) appellant's retainer pay is community property, and is subject to division between the parties and that (2) future cost-of-living increases in appellant's Naval retainer and retirement pay are community property.

The trial court made findings of fact and conclusions of law, embodied within the judgment, as follows:

1. Appellant served on active duty with the United States Navy from September 1951 through September 1975 for a period of 289 months.
2. The parties were married on October 3, 1953, and divorced effective February 28, 1977, for a period of 281 months; and during the marriage, appellant served on active duty with the United States Navy for 264 months.
3. In September 1975 appellant was transferred from active duty to the Fleet Reserve; appellant will remain in the Fleet Reserve until September 1981, at which time he will be retired.
4. During appellant's service in the Fleet Reserve, he has received, and will continue to receive, retainer pay, which amounts to $786.53 gross per month.
5. Appellant will be eligible for retirement pay upon his retirement in September 1981.
6. Appellant's retainer pay and his retirement pay are subject to cost-of-living increases payable by the United States Navy to appellant.

The trial court concluded, based upon the above findings that appellant's "retainer pay is community property to the extent it was earned by [appellant] during the marriage, . . . that . . . [his] retirement pay is community property . . . and that cost-of-living increases accruing to [appellant's] retainer and retirement pay in the future are community property."

Judgment was entered in accordance with such findings of fact and conclusions of law, and awarded appellee, inter alia, as her sole and separate property 60 percent of the community interest in appellant's retainer pay, if, as, and when received, including any future cost-of-living increases.

Appellant's first point of error complains of error by the trial court in concluding appellant's Naval retainer pay is community property, and awarding appellee an interest therein.

The question presented by this appeal has not been answered or decided by our Supreme Court. In *Taggart v. Taggart*, 540 S.W.2d 823 (Tex.Civ.App.—Corpus Christi 1976), the Court of Civil Appeals held that Naval retainer pay was not community property, but the Supreme Court in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), reversed the Court of Civil Appeals' decision on other grounds, and did not address the question of retainer pay, stating specifically that the wife "did not seek any part of the retainer pay that [husband] earned for his service in the Fleet Reserve." The question of Naval retainer pay was involved in *Ex parte Sutherland*, 526 S.W.2d 536 (Tex.1975), wherein the trial court held that such retainer pay was community property. The Supreme Court did not decide the question, but its decision in that case was made upon other grounds. The Supreme Court, in the *Sutherland* case did state, however, "In this instance relator's 'right' to future retainer pay constitutes, at least arguably, no less an earned property right than the disability retirement benefits in *Busby v. Busby*, Tex.Sup., 457 S.W.2d 551 [1970]." The Supreme Court further stated in the *Sutherland* case that "[w]e are not saying that the determination made by the court in the divorce suit is necessarily correct. See *French v. French*, 17 Cal.2d 775, 112 P.2d 235, 134 A.L.R. 366."

Appellant does not challenge the trial court's conclusion that his potential retirement pay is part of the community estate and subject to division, even though it has

not matured. This question has been clearly determined in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). The primary rationale is that retirement pay is deferred compensation for past services rendered and that the wife is entitled to share in the benefits paid referable to services rendered to the marriage.

When an enlisted man in the United States Navy has completed twenty or more years of active service, he may, at his request, be transferred to the Fleet Reserve. *10 U.S.C.A., Sec. 6330(b)* (1959). When not on active duty, a member of the Fleet Reserve receives what is referred to by the statutes as "retainer pay." *10 U.S.C.A., Sec. 6330(c)* (1959).

An enlisted man must complete thirty years of service before he is eligible for retirement pay. *10 U.S.C.A., Sec. 6326* (1959). If he elects to transfer to the Fleet Reserve, he may be retired when the aggregate of his active service and Fleet Reserve service reaches thirty years. *10 U.S.C.A., Sec. 6331* (1959).

When appellant had completed 24 years and one month in the Regular Navy, during which time he was married for 22 years, he transferred to the Fleet Reserve and began receiving retainer pay. He served for a period of 17 months in the Fleet Reserve during which time he was married, and needed to serve an additional 54 months following the divorce to complete his 30 years in the Navy and permit him to be eligible for retirement.

As a member of the Reserve Fleet, appellant was not in a retired status but was subject to be called to active duty in time of war or national emergency. In time of peace he might be required to perform not more than two months active duty for training in every four-year period. *10 U.S.C.A., Sec. 6485* (1978). During the period of Fleet Reserve service or status, appellant received retainer pay as provided by *10 U.S.C.A., Sec. 6330(c)* (1959).

■ Retirement benefits, even though unmatured, have been held to be community property subject to division on divorce,

*Cearley v. Cearley*, supra, upon the primary rationale that retirement pay is deferred compensation for past services rendered. We hold retainer pay future or post-divorce received by a member of the Fleet Reserve is compensation for the demands the government makes upon the serviceman and is not payment for services which were entirely performed in the past. It could not be considered in any sense a form of retirement benefits.

Appellant has not retired; his retirement benefits have not matured and cannot be payable to him until 1981 at which time he will have completed thirty years of service in the Navy. The retainer pay must necessarily be for the beneficial benefits derived by the Navy. The United States Navy obviously derives an important benefit from maintaining the highly trained and experienced personnel of the Fleet Reserve. Therefore, we hold retainer pay is not compensation for past services rendered, but is compensation paid for the discharge of present obligations. As such, retainer pay is classed in the same category and with the same characteristic as salaries or wages, and is not considered as community property subject to division at the time of divorce.

■ Appellant's second point complains of error of the trial court "in concluding that future cost-of-living increases in [his] retainer and retirement pay are community property, and in awarding [wife] an interest in such increases." In view of our holding as to the retainer pay, it is not necessary to consider the cost-of-living increase to such pay. Pursuant to *10 U.S.C.A., Sec. 1401a*, (1978), both retainer and retirement pay are subject to increase on a semi-annual basis in proportion to any increase in the Consumer Price Index. This is a matter of right governed by the foregoing statute. Neither party has cited any authority, and we have found none, determinative of this question. On the date of the divorce decree, the community property rights in and to the retirement benefits were fixed and appellee's interest therein vested as her sole and separate property. Since the community interest in the retirement benefits has been ap-

portioned upon divorce, the right to receive any subsequent cost-of-living increase in that apportioned interest would belong to each party in accordance with their respective interests in the retirement benefits. The interest apportioned to each party as to retirement benefits is the separate property of the respective parties, and there exists a vested interest to any incremental increases to the respective interest to such benefits of each party. We hold that the apportioned cost-of-living increases to that part of the retirement benefits awarded to appellee as her separate property was properly awarded to her by the trial court. This point is overruled.

The judgment of the trial court in awarding appellee an interest in appellant's retainer pay and cost-of-living increase thereto is reversed, and we hereby render judgment that appellee take nothing as to such retainer pay and cost-of-living increase to such retainer pay. That part of the judgment awarding appellee an interest in the cost-of-living increase to her interest in the retirement benefits is affirmed.

■ Since we have affirmed the judgment in part and reversed and rendered in part, we tax the costs on appeal and in the court below equally against the parties. *Tex.R.Civ.P. 488*; *Coca Cola Bottling Co. v. Hobart*, 423 S.W.2d 118, 126 (Tex.Civ.App. —Houston [14th Dist.] 1967, writ ref'd n. r. e.).

REVERSED and RENDERED in part and AFFIRMED in part.