Albert P. GORELICK, et ux.,
Appellants,

v.

HARRISON COUNTY, Texas, et
al., Appellees.

No. 9492.

Court of Appeals of Texas,
Texarkana.

Oct. 21, 1986.

Albert P. Gorelick, pro se.

Bonnie Leggat, Dist. Atty., Harrison County Courthouse, Marshall, for appellees.

BLEIL, Justice.

Albert Gorelick and his wife appeal a summary judgment barring his suit on the basis of res judicata. We affirm.

The Texas Highway Department widened U.S. Highway 59 in 1972, purchasing a channel easement across what would later be Gorelick's property from Gorelick's predecessors in title. Gorelick bought the land in 1973, and discovered that the property floods following heavy rains.

In 1980, Gorelick brought suit in federal district court, alleging an unconstitutional taking of his property resulting in an inverse condemnation, and also that his civil rights were violated. The named defendants in this suit were the State of Texas; L.L. Jester, district engineer of the State Highway Department; Raymond Hudson, maintenance engineer for the State Highway Department; L.S. Guest, legal officer of the State Highway Department; J.C. Norman, former chief deputy sheriff of Harrison County; N.F. Shivers, former sheriff of Harrison County; and Sam Baxter, district attorney of Harrison County. The court dismissed Gorelick's civil rights

claim and adjudicated the property claim, entering judgment against the Gorelicks on February 13, 1983. *Gorelick v. State of Texas*, 572 F.Supp. 301 (E.D.Texas 1983).

In April of 1984, the Gorelicks filed suit in Harrison County, alleging a wrongful taking and damaging of their property. On April 22, 1985, a summary judgment was granted on the ground of res judicata in favor of defendants Texas State Highway and Public Transportation Department; Mark Goode, engineering director for the Highway Department; L.L. Jester; and Tom Rideout of Marshall. Gorelick appealed this judgment to the Texarkana Court of Appeals, which affirmed the trial court in an unpublished opinion dated November 13, 1985. Gorelick petitioned for writ of error to the Texas Supreme Court, which refused to grant the writ for want of jurisdiction on July 16, 1986.

On December 20, 1985, the trial court entered a summary judgment on behalf of Harrison County, who was a defendant in the state court suit. The present appeal is from this order.

We conclude that the appeal before us, like the previous one, is barred by res judicata as the state trial court held. The prerequisites for the application of the doctrine of res judicata are: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2) that there was a final judgment on the merits; (3) that the parties, or those in privity with them, are identical in both suits; and (4) that the same cause of action is involved in both suits. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.). Here, the federal district court considered the questions of "taking" and of damages, and ruled against Gorelick. The judgment in the first suit precludes a second suit by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit. *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517 (Tex.1984).

While Harrison County was not expressly named in the federal suit, three county officials, Norman, Shivers and Baxter, were named as defendants individually and as county officials. Accordingly, Harrison County, although not a party to the first suit, was in privity with named parties. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Grimm v. Rizk*, 640 S.W.2d 711 (Tex.App.—Houston [14th Dist.] 1982), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 714, 79 L.Ed.2d 177 (1984). Furthermore, where the liabilities of a party are derivative, a judgment binding a party from whom the liability is derived may be set up in a bar to a second suit. *Lemon v. Spann*, 633 S.W.2d 568 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.). Hence, Harrison County comes under the shelter of res judicata as a privy to a party released by a final judgment; since the Gorelicks brought claims to the state court that had already been adjudicated in federal court, the state court did not err in dismissing these claims.

We affirm the trial court's judgment.

GRANT, J., not participating.