967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew L. GROCE; Betty Bethea Groce, Plaintiffs-Appellants,
v.
INTRAMERICAN OIL & MINERALS, INC.; James S. Harrison,
President; Monticello Oil Company, et al.,
Defendants-Appellees.
 No. 91-35518.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew and Betty Groce appeal pro se the district court's summary judgment in their diversity action alleging tortious entry onto Andrew's property in Texas. The district court found that the action was barred by res judicata and the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 A federal court must give the same preclusive effect to a state court judgment as would the courts of the state which rendered the judgment. Allen v. McCurry, 449 U.S. 90, 105 (1985). In Texas, res judicata bars matters actually litigated and causes of action or defenses arising out of the same subject matter that might have been litigated in the first action. Gracia v. R.C. Cola-7-Up Bottling Co., 667 S.W.2d 517 (Tex.1984). Res judicata requires that (1) the prior judgment be rendered by a court of competent jurisdiction, (2) there be a final judgment on the merits, (3) the parties, or their privies, are identical in both suits, and (4) the same cause of action is involved in both suits. Gorelick v. Harrison County, 720 S.W.2d 835, 836 (Tex.Ct.App.1986).
 
 
 4
 Here, Andrew and Betty Groce brought this action against two oil companies and their presidents alleging tortious entry and illegal drilling on land in Texas owned by Andrew Groce. This action is virtually indistinguishable from Andrew Groce's previous Texas state court action, in which the Texas state court rendered a take nothing judgment against Andrew Groce as a counterclaimant. See Maxie v. Intramerican Oil & Minerals, Inc., No. 26,563 (Cass Co., Tex. October 29, 1984).[1] In both of the actions, Groce claimed that Intramerican Oil & Minerals, Inc. ("IOM") fraudulently acquired oil and gas leases to his land, illegally entered the land, and committed torts upon the land by engaging in drilling operations. Thus, the same cause of action is involved in these suits, and these claims were previously litigated in Texas state court and decided adversely to Groce. See Gorelick, 720 S.W.2d at 836.
 
 
 5
 Although Betty Groce was not a party to the Texas cases, she admits that she acquired her interest in the land through her husband. Thus, Betty Groce is in privity with Andrew, who was a party to all the previous actions, and res judicata precludes her from bringing this claim. See id. Defendants in this case are IOM, its subsidiary Monticello Oil Company, their respective presidents, and Nellie Mae Bohannon. They were all parties or are in privity with parties to the previous cases. See id. Thus, the district court correctly found that this action is barred by res judicata. See Gracia, 667 S.W.2d at 519. Furthermore, the Texas federal district court found that the Texas state court judgment was entitled to res judicata effect, and we must give preclusive effect to that determination. See Montana v. United States, 440 U.S. 147, 153 (1979).[2]
 
 
 6
 The Groces also appeal the district court's imposition of Rule 11 sanctions in the amount of $6,500 to defendant C.B. Harrison. We review an award of Rule 11 sanctions for abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). Sanctions are proper if either (1) the paper is filed for an improper purpose, or (2) the paper is frivolous. Id. A filing is frivolous if it is both baseless and made without reasonable inquiry. Id.
 
 
 7
 Here, the Groces have repeatedly engaged in meritless litigation regarding the Texas land. In their action in federal district court in Texas, the court set forth in detail the application of res judicata to their action. Nevertheless, the Groces persisted in filing identical causes of action in federal district court in Washington. Further, the Groces were given notice and opportunity to be heard before sanctions were imposed, and Harrison supported his motion for sanctions with documentation of hours and expenses. See Tom Growney Equip. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 835 (9th Cir.1987). Given these circumstances, we find no abuse of discretion in the district court's imposition of sanctions in this case. See Townsend, 929 F.2d at 1362.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is the fifth case Andrew Groce has filed regarding the same factual allegations. In addition to the 1984 Texas state court case, in 1985, Groce brought an action in federal district court in Texas, which was dismissed on the basis of res judicata. Groce v. Intramerican Oil & Minerals, Inc., No. CA-3-85-0595 (N.D.Tex. Oct. 15, 1985). This is the third action the Groces have filed in United States District Court for the Eastern District of Washington. See Groce v. Intramerican Oil & Minerals, Inc., No. 84-405 (E.D.Wash.); Groce v. Intramerican Oil & Minerals, Inc., No. 86-209 (E.D.Wash. Jan. 1. 1988)
 
 
 [2]
 Because we conclude that this action is barred by res judicata, we do not address the issue of whether the action was barred by the statute of limitations. See Kruso, 872 F.2d at 1421