**Vernon Douglas SUTHERLAND, Appellant,**

v.

**Hazel Joyce COBERN, Appellee.**

**No. 6–91–122–CV.**

Court of Appeals of Texas, Texarkana.

Oct. 27, 1992.

Rehearing Denied Nov. 18, 1992.

128

Rim Nall, Nall, Pelley and Wynne, Sherman, for appellant.

Lewis F. Boyd, Paris, Martin L. Kahn, Irving, Ann Crawford McClure, El Paso, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Vernon Sutherland appeals a judgment granting his former spouse, Joyce Cobern, a share of his past and future military retirement benefits. The primary question presented is whether either federal law or the doctrine of res judicata bars the division of Sutherland's military retirement benefits. We hold that the trial court's judgment is not barred, overrule other points of error, and affirm the judgment.

Sutherland and Cobern married in 1951, while he was on active duty with the United States Navy. In 1971, the parties divorced. At that time, Sutherland had retired from active duty in the Navy and had become a member of the Fleet Reserve. Cobern believed that the Fleet Reserve payments which Sutherland was receiving was retirement pay. Upon divorce, the trial court awarded Cobern an undivided interest in and to "that earned property right owned" as a result of Sutherland's service in the Navy and his "having been released from active duty and transferred to inactive duty" in the reserve.

At the time of divorce in 1971, the compensation for prior service which Suther-

land received was, in law, labeled retainer pay.[1] However, in the property division the trial court did not refer to the benefits by that name. In awarding Cobern a share of the earned property right, the court determined that the pay then being received by Sutherland by reason of his previous service in the U.S. Navy was community property and awarded her a share of such payments when received by Sutherland.[2] Sutherland did not appeal from the divorce decree. He refused to pay Cobern her share of the benefits received. As a result, he was held in contempt. Sutherland filed a writ of habeas corpus with this court, which was dismissed. *Ex parte Sutherland,* 515 S.W.2d 137 (Tex.Civ.App.–Texarkana 1974, orig. proceeding). He also filed a writ of habeas corpus with the Texas Supreme Court, which was also unsuccessful. *Ex parte Sutherland,* 526 S.W.2d 536 (Tex.1975) (orig. proceeding).

In 1981, after Sutherland completed thirty years of combined active duty and inactive duty, the designation of his retirement compensation was changed from retainer pay to retired pay. He stopped making payments to Cobern. Cobern filed a motion to hold Sutherland in contempt for his failure to continue to pay her a share of his retired pay. The trial court dismissed Cobern's motion. In 1986, Cobern brought this suit to obtain her share of the military retired pay.

### FEDERAL LAW PRECLUSION

We now turn to Sutherland's claim that any award of his retired pay is precluded by 10 U.S.C.A. § 1408 (West 1983 & Supp.

1992).[3] This statute was enacted to reverse the effects of the Supreme Court decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty,* the Court held that military retirement benefits could not be the subject of a state court divorce decree. *McCarty,* 453 U.S. at 218, 101 S.Ct. at 2734, 69 L.Ed.2d at 607. The statute erased the effect of *McCarty. See Koepke v. Koepke,* 732 S.W.2d 299, 299 (Tex.1987). As originally enacted, Section 1408 referred to retired and retainer pay and allowed division of these benefits in accordance with state law. In 1990, Section 1408(c)(1) was amended to provide that a court could not divide or partition retired pay as marital property if a final divorce decree was entered before June 25, 1981, the date of the *McCarty* decision, and such a decree had not originally treated any amount of the retired pay as marital property.

Sutherland's attorney contends that the trial court's decision does precisely what Section 1408(c)(1) prohibits; it partitions his military retired pay despite the fact that his pre-*McCarty* divorce decree did not address retired pay. When Congress added Section 1408(c)(1), it added Section 1408(a)(7) to the definitions section. Section 1408(a)(7) provides that the term retired pay includes retainer pay. Concurrently, all other references to the term "retainer pay" were stricken from the section. In the judgment being appealed, the trial court indicated that, because of its division of the retainer pay in the original divorce decree, Cobern is now entitled to

---

1. An enlisted member of the Navy who has completed at least twenty years of active service may request transfer to the Naval Fleet Reserve. *See* 10 U.S.C.A. § 6330 (West 1959 & Supp. 1992). The enlisted member is given retainer pay while on Fleet Reserve status calculated as a percentage of active duty pay times the number of years served on active duty. *Id.* After the enlisted member serves a combined thirty years on Fleet Reserve and active duty, they are eligible for retirement. 10 U.S.C.A. § 6331 (West 1959). Retirement pay is equal to retainer pay, plus any recalculation for subsequent active duty service. *Id.*

2. In 1976, Sutherland filed an unsuccessful declaratory judgment action seeking to have that portion of the divorce decree dealing with his retainer pay declared void. On appeal, this court held that a declaratory judgment was not an available means of attacking a final divorce decree. *Sutherland v. Sutherland,* 560 S.W.2d 531 (Tex.Civ.App.–Texarkana 1978, writ ref'd n.r.e.).

3. This is commonly referred to as part of the Uniformed Services Former Spouses' Protection Act.

receive a share of Sutherland's retired pay.[4] We agree.

When the court divided retainer pay, it in effect treated something which was a part of retired pay. *See* 10 U.S.C.A. § 1408(a)(7), which provides that the term retired pay includes retainer pay.[5] Since the trial court originally divided Sutherland's retainer pay, the original decree did treat an amount of Sutherland's retired pay and classified it as a divisible community asset. Accordingly, Section 1408(c)(1) does not preclude Cobern's partition action.

## RES JUDICATA

■ We now turn to whether res judicata bars this suit. Res judicata is a legal doctrine literally meaning that the thing is decided. It means that a matter once judicially decided is finally decided. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). Res judicata may be invoked to bar further proceedings when the following prerequisites exist: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2)

that there was a final judgment on the merits; (3) that the parties, or those in privity with them, are identical in both suits; and (4) that the same cause of action is involved in both suits. *Gorelick v. Harrison County*, 720 S.W.2d 835, 836 (Tex. App.–Texarkana 1986, no writ). Sutherland's attorney maintains that res judicata bars this suit based on the original divorce decree.[6]

■ The *express* award of retirement benefits in a divorce decree operates as a bar to any subsequent partition suit, seeking retirement benefits, under principles of res judicata. *Koepke*, 732 S.W.2d at 300. The original divorce decree divided Fleet Reserve pay, which is retainer pay. As we now know, retired pay includes retainer pay, and thus the divorce decree addressed retired pay, albeit by another name. Because the divorce decree does, in effect, divide retired pay, Cobern's action to partition Sutherland's retired pay might thus appear to be barred by res judicata. On the other hand, properly construed, this

---

4. The specific language in the 1971 divorce decree which demonstrates what the court sought to divide is as follows:

That there should be awarded to Hazel Joyce Sutherland an undivided ½ interest in and to that certain earned property right owned by the parties represented by Vernon Douglas Sutherland's now being in the U.S. Naval Fleet Reserve and having been released from active duty and transferred to inactive duty in Class F–6, U.S. Naval Fleet Reserve, and at this time by reason thereof he is receiving payments in the amount of Two Hundred Fifty–Seven ($257.00) Dollars per month, and at this time Petitioner, Hazel Joyce Sutherland, should be awarded a sum equal to ½ of all Fleet Reserve payments received by Respondent, Vernon Douglas Sutherland, since June 29, 1971, together with interest at the rate of 6% interest (sic) per annum thereon until paid, and there should be awarded to her and she is entitled to receive ½ of all such future Fleet Reserve payments as and when received by Vernon Douglas Sutherland together with 6% interest per annum thereon from the time such payments are received by Vernon Douglas Sutherland and not paid over as hereinafter provided within fifteen (15) days after receipt by him of the same, and that as to such amounts awarded to Hazel Joyce Sutherland the Respondent, Vernon Douglas Sutherland, should be directed and ordered to pay said sums into the Registry of this Court, and the Clerk of this Court, upon

receipt of the same, shall pay the same over to Hazel Joyce Sutherland as and when received. . . .

5. Sutherland's attorney additionally maintains that retainer pay is not in any sense a form of retired pay and thus not divisible, citing *Sprott v. Sprott*, 576 S.W.2d 653 (Tex.Civ.App.–Beaumont 1978, writ dism'd). We do not need to address the soundness of the *Sprott* decision because, in light of 10 U.S.C.A. § 1408(a)(7) (West Supp.1992), we now know that retainer pay is included in the term retired pay. Furthermore, it is retired pay which is in question on this appeal. The claim that the retainer pay Sutherland once received is not divisible comes too late. *See Sutherland v. Sutherland*, 560 S.W.2d 531.

6. Sutherland also maintains that the 1985 dismissal of the contempt action which Cobern brought against him when he refused to pay her a portion of his retired pay serves to bar this suit because of res judicata. The trial court's ruling on the motion for contempt could not function to bar a proceeding by res judicata. An order finding a party not in contempt is not a final appealable judgment. *Norman v. Norman*, 692 S.W.2d 655 (Tex.1985); *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). The court's action on the motion for contempt, not being a final appealable judgment, could not could not bar later proceedings based on res judicata.

judgment seems to be more like a restatement of the first judgment than it is a "further proceeding" of the type which would be barred by res judicata. However, we need not decide whether res judicata might bar this proceeding because we conclude that Sutherland is estopped to assert res judicata as a bar in this instance.

■ Furthermore, in response to Cobern's 1983 motion for contempt, Sutherland pleaded that, if Cobern was entitled to any portion of his retirement benefits, a contempt action was inappropriate and that "the correct remedy ... would lie through a Suit for Partition and not a Motion for Contempt." It would be inequitable to allow Sutherland to avoid contempt by arguing that Cobern's remedy was to file a partition suit and then allow Sutherland to avoid Cobern's attempt at partition by arguing that it was barred by res judicata and, indeed, that the correct remedy would have been contempt. A party's actions and arguments during the course of litigation can cause him to be estopped from asserting res judicata. *Cf. Sewell Paint & Glass Co. v. Booth Lumber & Loan Co.*, 50 S.W.2d 793, 794 (Tex.Comm'n App.1932, judgm't adopted) (party cannot assert in first suit that claim should not be litigated there, and then, in second suit, argue that claim should have been brought in first suit; litigants will not be allowed to profit from inconsistent positions); *Bethel v. Norman Furniture Co.*, 756 S.W.2d 6, 8 (Tex. App.–Houston [1st Dist.] 1988, no writ) (party which opposed consolidation of actions is estopped from asserting res judicata or collateral estoppel in second action). Having previously pleaded that Cobern's remedy was to bring a partition action, Sutherland cannot successfully now claim that her action is barred by res judicata.

### OTHER ISSUES

■ Sutherland argues that Cobern is barred by the doctrines of waiver and es-

toppel from asserting claims to a percentage of his military retirement benefits. Sutherland's waiver and estoppel arguments are grounded in the trial court's exercise of its fact finding power. No findings of fact were filed in this case.[7] However, we review the findings which were impliedly made in support of the judgment as we would review any other findings. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). Accordingly, we affirm the judgment if we can find any factual basis in the evidence to do so. *See, e.g., Holliman v. State*, 762 S.W.2d 656, 657 (Tex. App.–Texarkana 1988, no writ).

The implied factual findings include that Cobern did not waive her rights and is not estopped. No attack is made upon the sufficiency of the evidence to support the implied findings in support of the judgment. Had it been, we would find the evidence amply sufficient to support the findings.

■ Sutherland also contends that the trial court abused its discretion in awarding Cobern a percentage of the cost of living increases which he has received in his retirement pay subsequent to their divorce. Generally, the value of community assets, such as retirement benefits, are to be evaluated at the time of divorce, and subsequent increases in value are separate property. *Berry v. Berry*, 647 S.W.2d 945, 947 (Tex.1983). Cost of living increases, however, are not the result of any post-divorce labor, but rather a means of offsetting the otherwise declining value of retirement benefits after they become fixed. Ordinarily, post-divorce cost of living increases in military retirement pay are rights accrued along with the retirement benefits during marriage and, thus, are community property subject to division. *Anderson v. Anderson*, 707 S.W.2d 166, 169 (Tex.App.–Corpus Christi 1986, writ ref'd n.r.e.);

---

7. The trial court inserted detailed findings of fact and conclusions of law into the body of the judgment. At oral argument, Cobern's attorney suggested that these specific findings may have been inserted into the judgment so that Department of Defense personnel might clearly interpret the judgment and give it proper effect.

Findings of fact contained in the body of a judgment may not be considered on appeal. Tex.R.Civ.P. 299a; *see also, e.g., Boland v. Natural Gas Pipeline Co.*, 816 S.W.2d 843, 844 (Tex. App.–Fort Worth 1991, no writ). Therefore, for our purposes, we review this case as one in which no findings of fact were made.

*Neese v. Neese,* 669 S.W.2d 388, 390 (Tex. App.–Eastland 1984, writ ref'd n.r.e.); *see Grier v. Grier,* 731 S.W.2d 931, 933 (Tex. 1987); *see also* John Hopwood, Susan Roberts & Jim Paulsen, *Selected Current Issues in Community Property Aspects of Retirement Plans,* 39 BAYLOR L.REV. 1199, 1205 (1987). The trial court's award to Cobern of a portion of the cost of living increases in Sutherland's retirement pay was not an abuse of discretion.

Finding no error, we affirm.