NO. 07-01-0036-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2001

______________________________

HARVELLA JONES, APPELLANT

V.

MARY KAY, INC., APPELLEE

_________________________________

FROM THE 133RD DISTRICT COURT OF HARRIS COUNTY;

NO. 00-315522; HONORABLE LAMAR McCORKLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

Proceeding 
pro se
, Harvella Jones challenges a summary judgment that she take nothing from Mary Kay, Inc.  By four issues, she contends the trial court erred in granting the summary judgment motion of Mary Kay because (1) 
res judicata
 was not applicable, (2) Mary Kay had unclean hands, (3) Mary Kay’s summary judgment proof was insufficient, and contends (4) she is entitled to sanctions against Mary Kay.  Based on the rationale expressed herein, we affirm.

In 1997, Jones and Mary Kay executed a written contract entitled “Independent Beauty Consultant Agreement” whereby Jones was to sell Mary Kay’s products.  In 1999, Mary Kay sent Jones a notice of its intent to terminate the agreement which was followed by suit filed by Jones alleging that Mary Kay was not entitled to terminate the agreement.
(footnote: 1)  Then, by judgment signed August 2, 1999, upon consideration of Mary Kay’s motion for summary judgment, the presiding judge of the 133rd District Court rendered judgment that Jones take nothing from Mary Kay.  Acting 
pro se
, Jones attempted to appeal the judgment to the Court of Appeals for the First District of Texas; however her appeal was dismissed.
(footnote: 2)  A few weeks after the dismissal of her appeal, Jones filed this suit alleging discrimination and seeking a variety of damages resulting from the termination of her contract.  In response, Mary Kay alleged 
res judicata
 and again moved for summary judgment under Rule 166a(b) of the Texas Rules of Civil Procedure contending that 
res judicata
 barred the prosecution of the second suit.  

Because appellant’s first three issues address the summary judgment, we will consider them together.  By her first issue, Jones contends that the doctrine of 
res judicata
 does not apply.  By her second issue, she contends that 
res judicata
 is inapplicable because Mary Kay had unclean hands and by her third point, contends Mary Kay did not meet the summary judgment requirements.  We disagree. 

For a party to be entitled to a motion for summary judgment under Texas Rule of Civil Procedure 166a(b), he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action.  Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:  

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

 

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

  

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d  671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied).  Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence.   McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993).  Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).  Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court.  Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989).

Summary judgment may be granted on a proper plea of 
res judicata
.  Jones v. Nightingale, 900 S.W.2d 87, 88 (Tex.App.--San Antonio 1995, writ ref’d).  By its original answer, Mary Kay alleged the affirmative defense of 
res judicata
.  In order to prevail on summary judgment, Mary Kay was required to prove each element of this affirmative defense.  
See Randall's Food Markets
, 
Inc.
, 891 S.W.2d at 644.  To establish 
res judicata
, a party must show:

(1) a prior final judgment on the merits by a court of competent jurisdiction;

(2) identity of parties or those in privity with them; and

(3) a second action based on the same claims as were raised or could have been raised in the first action.  

Here, the summary judgment evidence was sufficient to satisfy the first two elements. 

Mary Kay also met the third element by showing that the second action was based on the same facts and agreement which were presented in the first suit, and the claims presented in the second action could have been raised in the first action.  Continental Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 792 (Tex.App.--Houston [14th Dist.] 2001, no pet. h.).  The claims alleged by Jones in this action arise out of the same written contract and hinge on the same grounds as the claims in her first suit, that is, Mary Kay’s decision to terminate the agreement.   In both actions the written agreement between Jones and Mary Kay was the source of the relationship giving rise to the two claims.  The doctrine of 
res judicata
 prevents a party from re-litigating claims that have been finally adjudicated, as well as matters that, with the use of diligence, should have been litigated in the first suit.  Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).   Claims that arise out of the same facts should, if practicable, be litigated in the same lawsuit.  
Id. 
at 630.  Because both claims arise out of the same set of facts and could have been  litigated together, the third element of 
res judicata
 was met.

Jones’s contention that summary judgment should not have been granted because Mary Kay had unclean hands, although novel, is not controlling.  
Res judicata
 is a legal doctrine.  Sutherland v. Cobern, 843 S.W.2d 127, 130 (Tex.App.--Texarkana 1992, writ denied).  Because the doctrine of unclean hands applies to bar relief where equitable relief is sought, Furr v. Hall,  553 S.W.2d 666, 672 (Tex.Civ.App.--Amarillo 1977, writ ref’d n.r.e.), even if otherwise applicable and preserved for review,  a question we do not decide, it does not operate to bar the application of 
res judicata
.  Issues one, two, and three are overruled. 

     By her fourth point, Jones contends that the trial court erred in denying her motion for sanctions.  In order to preserve a complaint for our review, Jones was required to present a motion or objection to the trial court and obtain a ruling thereon, but Jones did neither; Tex. R. App. P. 33.1(a); Williamson v. New Times, Inc., 980 S.W.2d 706, 711 (Tex.App.--Fort Worth 1998, no pet.); City of Alamo v. Casas, 960 S.W.2d 240, 248 (Tex.App.--Corpus Christi 1997, pet. denied).  Because the record here does not show that Jones’s motion for sanctions in this cause was presented to the trial court and that the trial court denied her motion, her fourth issue presents nothing for review, and is therefore overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Jones filed suit on June 25, 1999, in cause no. 1999 32568, 133rd Judicial District, Harris County.

2:
Cause No. 01-99-01433-CV, judgment rendered May 11, 2000.