**In re David GOODSON, Jr., Relator.**

**No. 01–03–00109–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 2003.

C. Wayne Holder, Law Offices of C. Wayne Holder & Associates, Freeport, for Relator.

Dora L. Smith Bonner, Clute, for Real Party in Interest.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

## OPINION

SAM NUCHIA, Justice.

Relator David Goodson, Jr. seeks habeas corpus relief. We deny relief.

### Factual Background

David and real party in interest Deborah Goodson divorced on May 18, 1994. They consented to the terms of their divorce decree. With respect to their home, their divorce decree provided:

(1) The [property] shall not be sold or placed on the market until four (4) years from the date of this decree unless mutually agreed to in writing by and between the parties.

(2) At such time, the parties may attempt to sell the property without it being listed with a duly licensed real estate broker.

(3) The property shall be sold for a price that is mutually agreeable to Petitioner and Respondent. Should Petitioner and Respondent be unable to agree on a sales price, upon the application of either party to this suit, the property shall be sold under such terms and conditions as determined by a court-appointed receiver.

(4) DAVID GOODSON, JR. shall continue to make all payments of taxes, and insurance on the property and DAVID GOODSON, JR. shall have exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the property in its present condition shall be paid by DAVID GOODSON, JR.

[5] The net sales proceeds (which are defined as the gross sales price less cost of sale) and full payment of any mortgage indebtedness or liens on the property are hereby distributed a follows:

a) One-half (½) to DEBORAH GOODSON; and

b) One-half (½) to DAVID GOODSON, JR.

On November 6, 2001, Deborah filed a motion for enforcement of this decree provision, asserting that David had not complied with it because he had not remitted one-half of the proceeds from the sale of the property. In the motion, Deborah prayed that the trial court order David to deliver one-half of the sum of the money received in the sale of the property to her at a date and a place certain. She also requested that, if the trial court found that any part of the order sought to be enforced was not specific enough to be enforced by contempt, that the trial court enter a clarifying order.

David answered the motion with an answer asserting affirmative defenses of accord and satisfaction, payment, release, and waiver.

On January 8, 2002, the trial court heard Deborah's motion. On February 1, 2002, the trial court signed an order finding that certain terms of the prior order of the Court were not specific enough to be enforced by contempt and that the prior order should be clarified as follows:

1. **DAVID GOODSON, JR.** is ordered to pay **DEBORAH GOODSON** by cash, cashiers's check or money order $7,336.83 by **FEBRUARY 1, 2002** on or before 5:00 p.m. at the **LAW OFFICES OF DORA L. BONNER AT 704 W. PLANTATION DR., CLUTE, TEXAS 77531.**

**IT IS FURTHER ORDERED** that all terms of the prior order that are not clarified in this order shall remain in full force and effect. **IT IS FURTHER ORDERED** that Respondent shall comply with the terms of the prior order that are clarified in this order no later than **Feb. 1. 2002 on or before 5:00**

**p.m.,** after which these clarifying orders may be enforced by contempt. . . .

IT IS FURTHER ORDERED that the order sought to be enforced is not specific concerning the improvements on lots 2 & 3 [sic] therefore no finding is made as to the trailer sold which allegedly was and [sic] improvement on Lot 2 & 3.

The trial court signed the order on February 1, 2002.

On or about February 15, 2002, David filed a motion for new trial, asserting, among other things, that the trial court erred in rendering the clarification order by not considering a document in which Deborah, in effect, gave David one hundred percent of the funds from the sale of the dwelling because she had failed to pay child support for their son. David apparently never set the motion for hearing and it was apparently overruled by operation of law. Evidently, David never perfected an appeal of the February 1, 2002 order.

On April 4, 2002, Deborah filed another motion for enforcement by contempt, asserting that David had violated the trial court's February 1, 2002 order by not paying her the $7,336.83 on February 1, 2002 at the law offices of Dora L. Bonner.

On February 4, 2003, the trial court heard the motion and found David in contempt of the February 1, 2002 order as stated in Deborah's motion. The trial court ordered David confined until he had paid Deborah the $7,336.83, plus attorney's fees.

Relator was placed in jail on February 4, 2003. On February 6, 2003, David filed his petition for writ of habeas corpus with this Court, and we ordered that, upon his posting a satisfactory $500 bond with the Brazoria County Sheriff, he be released from confinement, pending our determination of the matter on its merits.

## Analysis

Relator asserts that he is illegally confined in that the trial court did not have jurisdiction to issue the February 1, 2002 order because the divorce decree was not ambiguous.

■ Citing *Ex parte Sutherland,* 526 S.W.2d 536 (Tex.1975), Deborah argues that by not setting his motion for new trial for a hearing and not appealing the February 1, 2002 order, David waived his right to complain about it. We agree. In *Sutherland,* in its decree, the trial court awarded Hazel Sutherland a one-half interest in Vernon Sutherland's military retainer pay. *Id.* at 538. Vernon filed a notice of appeal to that portion of the decree related to retainer pay, but, evidently, did not perfect his appeal. *Id.* When Vernon did not pay her one-half of retainer pay earned after rendition of the decree, Hazel requested that the trial court hold him in contempt, which it did. *Id.* In the habeas corpus proceeding that followed, Vernon argued that the trial court's award to Hazel of one-half of post-divorce retainer pay was void. *Id.* In holding that under the circumstances of the case, the decree was not subject to Vernon's collateral attack, the trial court stated that whether Hazel had a vested right in one-half of Vernon's retainer pay was a question to be resolved by the trial court in the exercise of its jurisdiction in the divorce proceeding. *Id.* at 539.

Similarly, in the instant case, the question of whether a portion of the divorce decree was not specific enough to be enforced by contempt was within the clarification jurisdiction of the trial court. *See* Tex. Fam.Code Ann. § 9.008(b) (Vernon

1998);[1] *see also, e.g., Zeolla v. Zeolla,* 15 S.W.3d 239 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (example of an *appeal* of a clarification order). As such, it was not a void order, and not subject to collateral attack. *See In re Aguilera,* 37 S.W.3d 43, 47 (Tex.App.-El Paso [14th Dist.] 2000, orig. proceeding) (to be subject to collateral attack in habeas corpus proceeding, relator must demonstrate that order attacked is void because it was either beyond court's power to issue or because order deprived relator of his liberty without due process of law).

■ Next, David asserts that the February 1, 2002 order is an unconstitutional attempt to use contempt to collect a debt. *See* Tex. Const. art. I, § 18. Because David's obligation to pay Deborah one-half of the proceeds of the sale of the property was already established in the decree, the trial court's order to David to pay Deborah $7,336.83, one-half of the proceeds of the sale of the property, was not an unconstitutional attempt to collect a debt by contempt. *See Sutherland,* 526 S.W.2d at 539. In paying that money, David will not be paying a debt, but will be surrendering the share to which his former wife is legally entitled. *See id.*

We deny David's request for habeas corpus relief and remand him to the custody of the Brazoria County sheriff.

---

**1.** On a finding by the court that the original form of the division of the property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property. Tex. Fam.Code Ann. § 9.008(b) (Vernon 1998).