Affirmed and Memorandum Opinion filed May 4, 2004









Affirmed and Memorandum Opinion filed May 4, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00730-CV

____________

 

JANE B. KNAPP, Appellant

 

V.

 

L. FABIAN
WORTHING, III, M.D., Appellee

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 02-13617

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jane B. Knapp appeals from the
trial court=s order dated April 14, 2003, which
granted summary judgment in favor of appellee L. Fabian Worthing, III, M.D., on
all claims.  This case arises from
appellee=s alleged conduct
concerning the condition, removal, and subsequent disposition of appellant=s breast
implants.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.

 








The Issues

Appellant presents six issues for
review.  She contends that the trial
court erred in granting appellee=s motion for
summary judgment because material fact issues exist with respect to her claims
of (1) fraud by failure to disclose, (2) tortious interference with litigation,
(3) breach of fiduciary duty, and (4) breach of contract/conversion.  Further, she argues that the trial court
erred in granting summary judgment because appellee=s defenses of (5)
res judicata and (6) statute of limitations are inapplicable to this case.  Because we find that our resolution of
appellant=s fifth issue is dispositive of this case,
we do not consider her remaining issues below.[1]

Res Judicata

In her fifth issue, appellant argues that
the trial court erred in granting summary judgment in favor of appellee because
the doctrine of res judicata is inapplicable to the facts of this case.  Texas follows the transactional approach to
res judicata. State and County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d
693, 696 (Tex. 2001).  The doctrine
prevents the relitigation of a finally-adjudicated claim and related matters
that should have been litigated in a prior suit.  Id. 
A subsequent suit is barred if it arises out of the same subject matter
of a previous suit and which, through the exercise of due diligence, could have
been litigated in a prior suit. Barr v. Resolution Trust Corp. ex rel.
Sunbelt Federal Savings, 837 S.W.2d 627, 631 (Tex. 1992).








In this case, appellant brought forth the
following claims in her Second Amended Original Petition: (1) fraud by
affirmative misrepresentation, (2) fraud by failure to disclose, (3) tortious
interference with litigation, (4) breach of fiduciary duty, (5) breach of
contract, and (6) conversion.  The
application of res judicata in the present case requires us to examine these
six claims in relation to those claims that were made the basis of a previous
suit involving both parties.[2]  Appellee argues that such an examination
yields the conclusion that all of appellant=s claims in the
present case either were litigated or could have been litigated in the previous
suit.  We agree and set forth below our
reasons therefor in the order listed immediately above.

Affirmative Misrepresentations

In the present case, appellant alleges that
appellee made misrepresentations of material facts in support of her fraud
claim.  Namely, she asserts that appellee
made misrepresentations concerning his surgical procedure and the condition and
disposition of her implants after removal. 
Appellant argues that appellee represented the implants as not having
been ruptured when in fact they were, and that he sent her implants to Dr.
Shanklin but in fact disposed or tampered with them.  However, the same allegations were advanced
and rejected in appellant=s previous suit against Dr. Shanklin and
appellee.[3]  We therefore find that appellant=s claim concerning
affirmative misrepresentations in the present case has already been litigated
in her previous suit, and accordingly is barred by res judicata.

Failure to Disclose








As the basis of her claim for fraud by
failure to disclose in the present case, appellant alleges that appellee failed
to disclose the fact that he served as an expert witness for Dow Corning, the
manufacturer of her implants, during the course of prior breast implant litigation
in 1990.  In her September 2, 1997
deposition, however, appellant admitted that her lawyer, Dan Cartwright, had
received timely notice of appellee=s scheduled
deposition with Dow Corning.  While
appellant contends that she personally did not have knowledge of appellee=s deposition,
knowledge acquired by a client=s attorney during
the existence of the attorney-client relationship, and while acting within the
scope of the attorney=s authority, is imputed to the client.  See McMahan v. Greenwood, 108 S.W.3d 467,
480-81 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  Because appellant had
knowledge of appellee=s deposition with Dow Corning at the time
she brought her previous suit arising from the same subject matter against Dr.
Shanklin and appellee, we find that her claim concerning failure to disclose
could have been litigated in the previous suit, and accordingly is barred by
res judicata.

Tortious Interference with Litigation

In the present case, appellant claims that
appellee tortiously interfered with her litigation against Dow Corning.[4]  She alleges that appellee tampered with or
destroyed her implants and committed perjury in his deposition with respect to
her physical condition and the disposition of her removed implants.  As we have already stated with respect to
appellant=s fraud allegations, though, these are
claims that were advanced and rejected in her previous suit, and accordingly
are barred by res judicata.

Breach of Fiduciary Duty

As the basis for her claim for breach of
fiduciary duty in the present case, appellant again alleges that appellee
tampered with and destroyed her implants and failed to disclose the fact that
he served as an expert witness for Dow Corning during prior breast implant
litigation.  We find that these
allegations either have already been litigated or could have been litigated in
her previous suit against Dr. Shanklin and appellee, and accordingly are barred
by res judicata.

Breach of Contract and Conversion








Finally, appellant alleges as the basis
for her claims involving breach of contract and conversion that appellee
forwarded her removed implants to Dr. Shanklin, rather than deliver them
directly to appellant as they had previously agreed.  She also alleges that the implants that were
finally produced were not hers, but those that had belonged to someone else.  However, we have already determined that
these allegations have already been litigated in her previous suit against Dr.
Shanklin and appellee, and accordingly are barred by res judicata.

Arguments Against Application of Res
Judicata

Despite our findings that the claims
presented in this suit either were actually litigated or could have been
litigated in the previous suit, appellant contends that the doctrine of res
judicata is inapplicable because: (1) the summary judgment granted to appellee
in the previous suit is not a final judgment, and (2) appellee=s own conduct
estops him from obtaining relief under the doctrine.  We disagree and examine these contentions
below.

First, appellant contends that the summary
judgment granted to appellee in the previous suit is not a final judgment
because the order did not contain a AMother Hubbard@ clause, and
appellee presented no evidence that the trial court severed her claims against
appellee from her claims against appellee=s initial
co-defendant, Dr. Douglas R. Shanklin. 
Of course, the mere absence or omission of a Mother Hubbard clause does
not render a summary judgment interlocutory. 
Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex.
1997).  Moreover, court records reflect
the fact that the trial court did order severance of the claims in the previous
suit and granted appellant=s non-suit of its
claims against Dr. Shanklin. See supra note 2.  Therefore, the summary judgment granted in
favor of appellee in the previous suit constitutes a final judgment as required
under the doctrine of res judicata. See Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).  Appellant=s first contention
is without merit.








Second, appellant contends that appellee=s own conduct
estops him from obtaining relief under the doctrine and cites in support White
v. Bell, 290 S.W. 849 (Tex. Civ. App.CWaco 1927, writ ref=d), and Sutherland
v. Cobern, 843 S.W.2d 127 (Tex. App.CTexarkana 1992, writ
denied).  These cases, however, stand for
the proposition that litigants should not be allowed to profit from
inconsistent positions on available remedies. See White, 290 S.W. at
851; Sutherland, 843 S.W.2d at 131. 
In the present case, appellant points not to inconsistencies in
positions taken in relation to available remedies, but inconsistencies between
appellee=s testimony and
that of Dr. John W. Siebert and Jami Harman. 
Because White and Sutherland are inapplicable,
appellant=s second contention is without merit.

Conclusion

We overrule appellant=s fifth issue and
do not reach her remaining issues because summary judgment is appropriate on
the ground of res judicata.  The judgment
of the trial court is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 4, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

 











[1]  If the trial
court=s order granting summary judgment does not state the
grounds therefor, the appealing party must show that it is error to base the
judgment on any of the grounds asserted in the motion. Star-Telegram, Inc.
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).





[2]  See Knapp
v. Worthing, No. 97-14249A (281st Dist., Bland, J.) (order
granting summary judgment to defendant), appeal dismissed for want of
jurisdiction, No. 01-98-01110-CV (Tex. App.CHouston
[1st Dist.] April 22, 1999) (summary judgment order interlocutory).  The order was made final by order of non-suit
of the claims against the remaining party dated November 11, 2000. Knapp v.
Shanklin, No. 97-14249 (281st Dist., Bland, J.) (order granting
non-suit).





[3]  See
Plaintiff=s Original Petition in Knapp v. Shanklin and
Worthing, No. 97-14249.





[4]  We assume but
do not decide that tortious interference with litigation constitutes a valid
cause of action in Texas.