# SEWELL PAINT & GLASS CO. OF TEXAS v. BOOTH LUMBER & LOAN CO. OF TEXAS.

## No. 1563—5903.

Commission of Appeals of Texas, Section A.
June 9, 1932.

Turner, Rodgers & Winn, of Dallas, for plaintiff in error.

Earl E. Miller, of Dallas, for defendant in error.

CRITZ, J.

For convenience we shall designate the Sewell Paint & Glass Company as the paint company, and Booth Lumber & Loan Company as the lumber company.

In the present suit the lumber company sued the paint company in the district court of Dallas county, Tex., to recover damages for the breach of a verbal warranty. Trial in the district court with a jury resulted in a verdict and judgment for the lumber company in the sum of $1,567.61. This judgment was affirmed by the Court of Civil Appeals at Dallas. 34 S.W.(2d) 650. The paint company brings error.

In July, 1925, the paint company contracted to sell the lumber company a certain kind of mixed paint, and verbally warranted such paint to conform to a certain grade. The lumber company bought a large quantity of this paint between the dates of October 15, 1925, and August 16, 1926. This paint was used by the lumber company in its business of furnishing material for painting houses, and it failed to come up to the grade warranted. It peeled off, mildewed, and turned black; in fact it proved practically worthless. Furthermore, it would not have done any of these things had it been of the grade warranted. The lumber company was compelled, at its own expense, to repaint the houses on which this paint was used.

On December 26, 1926, in a former suit, the paint company sued the lumber company for $5,680 alleged to be due to it by the lumber company for certain merchandise. $2,765 of this sum was alleged to be due for this paint.

In this former suit the lumber company filed a cross-action, and claimed damages as a set-off against the paint company's cause of action, alleging the cost it had already actually incurred in repainting certain houses on which this paint had been used. In such cross-action the lumber company particularly alleged certain houses it had already been compelled to repaint, and then alleged: "That this defendant now has complaints and threats of suits with reference to buildings it has not repainted and which it is now called upon to repaint, which will cost this defendant in the way of labor and material to repaint about $2,500.00."

The paint company objected to the above allegation by the following special exception: "Plaintiff specially excepts to the allegations contained in Sec. 11 (the section above quoted) of the Defendant's First Amended Original Answer for the reason that the allegations therein made are indefinite, uncertain, speculative and contingent, without any allegation that the damages therein sought have yet been suffered by defendant."

In the former suit the court sustained the above exception of the paint company, and the lumber company made no effort to amend. No evidence was admitted on the matter so stricken, and the claim then attempted to be made was not submitted to the jury, or attempted to be disposed of by the judgment, except in so far as the order sustaining the above exception disposed of the same.

The above exception is somewhat ambiguous, and we are in doubt whether the court in the former suit, by sustaining the same, intended to hold that the lumber company's petition was insufficient because it

was too indefinite, uncertain, speculative, and contingent, and because there was no allegation that the damages therein sought to be recovered had yet been suffered, or whether such court intended to hold that such petition was too indefinite, uncertain, speculative, and contingent, because it did not state that the damages therein alleged had already been suffered. However, be this as it may, it is plainly evident that by filing and urging the exception above the paint company secured an adjudication in the former suit to the effect that the lumber company could not litigate any claim for damages with reference to the houses it had not then actually repainted, even though the liability to do so then actually existed. In other words, the paint company secured a holding to the effect that the liability of the paint company to the lumber company for repainting houses would not in law accrue until the lumber company had actually done such repainting. There is no escape from this conclusion. Of course the lumber company could not have amended to meet such a ruling, and it was under no obligation to offer an amended pleading containing matter already ruled incompetent.

Subsequent to the judgment in the first suit, and so far as this record shows without any unnecessary delay, the lumber company proceeded to discharge its obligation to do so by repainting the houses it had not repainted at the time of the trial of the first suit at a reasonable cost to it of $1,567.61. In the instant case, the lumber company sued and recovered judgment against the paint company for this amount.

The paint company contends that the judgment in the former suit is res adjudicata of the claim here asserted. The Court of Civil Appeals overruled such contention, and we think no error was committed thereby.

The paint company seems to base this contention that the former suit is res adjudicata of this suit on the general rule that all matters decided, or that could have been decided, in a prior suit between the same parties, involving the same subject-matter in a court of equal jurisdiction is thereafter res adjudicata, that is, are presumed to have been adjudicated in the first suit. We have no fault to find with the rule, but it cannot be applied in this case.

■ As shown by the statement above, the claim here asserted by the lumber company against the paint company certainly was not actually litigated in the former suit. If the paint company has any right to urge the defense of res adjudicata, it is because, as a matter of law, it ought to have been litigated there. Under the facts of this case, the paint company is not in a position to urge such a defense here. In other words, it will not be permitted to escape liability entirely as to this claim by securing a ruling in the prior suit that it could not be litigated there, and then secure a ruling in this suit that it ought to have been litigated there. Courts of justice will not permit a litigant to profit by taking such inconsistent positions under such circumstances. Smith v. Chipley, 118 Tex. 415, 16 S.W.(2d) 269 (Com. App. Opinion adopted); Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780.

In connection with the above we wish to say that we are not concerned with the question as to whether the ruling of the court in the former suit was right or wrong. If it was right, of course this claim could not have been litigated there, and, if it was wrong, the ruling was made at the instance and instigation of the paint company. In either event, the paint company is without the defense of res adjudicata here.

■ The paint company contends that the claim of the lumber company here sued on is barred by the two-year statute of limitation. We think our ruling on the issue of res adjudicata disposes of this contention also. As shown by the opinion of the Court of Civil Appeals, this suit is not based on a breach of the contract of sale and purchase, but on the breach of the contract of warranty. As to the contract of warranty, the liability of the paint company either arose when the duty of the lumber company to repaint the houses in question arose, or when it actually discharged such duty by repainting these houses. There is no contention that there was any unreasonable delay in doing this repainting. If the liability of the paint company to the lumber company arose when the lumber company became liable to repaint the houses in question, then the lumber company attempted to sue for the same in the first suit at a time when no statute of limitation barred such recovery. In that suit the paint company took the position that such cause of action would not accrue until the lumber company had actually painted these houses, and secured a ruling sustaining such contention. The lumber company then painted the houses within a reasonable time and brought this suit within two years from the time of such repainting. Under such facts, the action is not barred by the two-year statute of limitation.

We recommend that the judgment of the Court of Civil Appeals which affirms the judgment of the district court be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.