Frances Dacus BLACKMON, Appellant,

v.

Edwin L. NELSON, Jr., Appellee.

No. 8348.

Court of Civil Appeals of Texas, Texarkana.

March 9, 1976.

Gordon McDowell, Dallas, for appellant.

Henry E. Wise, Dallas, for appellee.

CHADICK, Chief Justice.

This appeal is from judgment in a suit, authorized by Tex.Prob.Code Ann.Sec. 93, to contest the validity of the probated will of Beulah Lanford Nelson, deceased. A written instrument dated May 30, 1974, was admitted to probate as the will of Mrs. Nelson on July 8, 1974, and Frances Dacus Blackmon was appointed independent executrix of the will and promptly qualified. Thereafter, on October 4, 1974, Mrs. Blackmon, in her capacity as independent executrix, filed an inventory, appraisement and list of claims. This instrument showed the estate to have a gross appraised value of $56,087.64 with no claims against or due the estate. Edwin L. Nelson, Jr., the only child of the decedent, filed suit to contest the validity of the probated will. Two sisters of Mrs. Nelson and Edwin L. Nelson, Jr.'s former wife, individually, and as managing conservator of Mr. Nelson's three minor children, formally entered appearances in the case. A jury trial ensued and on the jury's answer to special issues, judgment was entered in the trial court annulling probate of the will and the letters testamentary therefore issued to Mrs. Blackmon. Mrs. Blackmon, individually and in her representative capacity has appealed.

Appellant Blackmon's brief was not filed before expiration of the thirty day time allowed for that purpose by Tex.R. Civ.P. 414. The cause of this lapse is disputed. In the absence of good cause Tex.R. Civ.P. 415 allows appellate courts to enforce Rule 414 by directions less onerous than dismissal of the appeal. Appellant's tardy brief will be considered. *Texaco Inc. v. Joffrion,* 363 S.W.2d 827 (Tex.Civ.App. Texarkana 1962, writ ref'd n.r.e.); *Hoke v. Poser,* 384 S.W.2d 335 (Tex.1964).

Mrs. Blackmon's trial pleadings were understood in the trial court to allege that she had just cause to defend Mrs. Nelson's probated will and did so in good faith. She prayed recovery of expense and reasonable attorney fees incurred in the defense. Without entering a severance order, the trial judge refused to hear evidence in support of the allegations or to permit relevant issues to be considered in the course of the will contest. In addition to compensation allowed by Tex.Prob.Code Ann. Sec. 241, an independent executrix is allowed to recover expense and disbursements, including reasonable attorney fees, expended in defending, in good faith and with just cause, a probated will. Tex.Prob.Code Ann. Sec. 243; 18 Tex.Practice (Woodward And Smith), Secs. 721 and 731.

Allowance of expenses is conditioned by Sec. 243 only upon Mrs. Blackmon having acted in good faith and with just cause. The authors of the text last cited regard good faith as a question of fact and cite *Huff v. Huff,* 132 Tex. 540, 124 S.W.2d 327

(1939) in support of their conclusion. Undue influence by the executor was established in that case, nevertheless, the court said:

"We think that the executor could have had submitted to the jury, along with the other issues, the question of good faith on his part in offering the will for probate; and if the jury had found that, under all the circumstances, he had acted in good faith, then he would have been entitled to judgment for such attorneys' fees and court costs." The opinion clearly holds that a jury finding that a will is the product of undue influence does not, as a matter of law, bar a recovery by an executor when it is also established, under all the circumstances of the case, that the executor acted in good faith in offering the will for probate. The trial judge, under the provisions of Tex.R. Civ.P. 174, was empowered to sever the good faith and associated issues from the will contest for separate trial. The judgment entered improvidently failed to order such severance. Failure to determine the issue or issues associated with Mrs. Blackmon's alleged good faith defense of the will does not necessarily require a retrial of the will contest. Fact issues associated with just cause and good faith, clearly may be separated from other issues that are determinative of the will contest. When an error affects a clearly separable part of a controversy, Tex.R.Civ.P. 434 (1976), permits Courts of Civil Appeals to reverse and order retrial of that part of the case affected by the error when retrial may be accomplished with fairness to the parties.*

Appellant Blackmon's second and third points of error pertain to the jury's verdict that Mrs. Nelson's will was procured by undue influence and present questions of no evidence and the great weight and preponderance of the evidence supporting the verdict. Though no point is brought forward, the sufficiency of the evidence is also argued under the second and third points. Disposition of these points of error, as well as any question of sufficiency of the evidence, become immaterial as the trial court judgment is supported by the jury's verdict on another special issue, that is, a finding that Mrs. Nelson did not have testamentary capacity at the time she made the will. Nevertheless, to complete review in this court the second and third points are overruled.

The evidentiary record contains evidence, that if believed, amply supports the jury's verdict on the issue of Mrs. Nelson's testamentary capacity at the time she made and published her will. Impliedly, at least, the jury believed such evidence. Nothing will be gained by detailing relevant evidence here. The fourth and fifth points are overruled.

Appellant's sixth and last point of error is concerned with twelve different allegedly erroneous rulings and episodes that occurred in the course of the trial, none of which are made the subject of a specific point of error and briefed, nor is the single point briefed in its dozen aspects. The point is multifarious. It cannot be considered. The function of a point of error is to direct attention to a particular error requiring reversal of a case, that is,

* The good faith and associated issues may be tried in a subsequent suit for reasons apart from Rule 434. If the judgment binds Mrs. Nelson's heirs and the personal representative of her estate, insofar as these issues are concerned, such persons will be estopped to invoke the res judicata rule. Those prosecuting the will contest induced the trial court to rule that reimbursement and good faith defense issues could not be properly litigated in the will contest. Parties bound by the trial court judgment will not be permitted to take the position in a trial of a subsequent claim for expenses that these issues should have been submitted for determination in this earlier will contest. *Sewell Paint & Glass Co. of Texas v. Booth Lumber & Loan Company,* 50 S.W.2d 793 (Tex. Comm'n App. 1932); *Abilene Gas & Electric Co. v. Thomas,* 211 S.W. 600 (Tex.Civ.App. El Paso 1919, no writ); see also *Mueller v. Banks,* 332 S.W.2d 783 (Tex.Civ.App. San Antonio 1960, no writ); *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (1956); 34 Tex. Jur.2d, Judgments, Sec. 463.

particularize and direct appellate attention to a hurtful error rather than to several separate and distinct errors alleged to have been committed in the course of the trial. Tex.R.Civ.P. 418.

For appeal purposes the silence of the judgment of the trial court constitutes a denial of Mrs. Blackmon's claim for reimbursement. The judgment entered disposed of all issues and parties and is final. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966); *The Home Insurance Company v. Greene,* 443 S.W.2d 326 (Tex.Civ.App. Texarkana 1969), aff'd, 453 S.W.2d 470 (Tex.1970). Annulment of the order probating the will and revocation of the letters testamentary, as set out in the trial court judgment, is affirmed; but the judgment's denial of appellant Blackmon's claim for reimbursement is reversed and remanded for retrial. Costs are adjudged one-half against the appellee and one-half against the appellant.