W.J. (Bill) BETHEL, Jr., Ind. and
Ra–Comm Electronics, Inc.,
Appellants,

v.

NORMAN FURNITURE COMPANY,
INC., Appellee.

No. 01–87–00873–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 20, 1988.

Rehearing Denied Aug. 4, 1988.

Robert D. Clements, Brown, Todd, Hagood & Davenport, Alvin, for appellants.

Jeffery H. Uzick, Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before DUGGAN, LEVY and WARREN, JJ.

## OPINION

WARREN, Justice.

In 1983, appellant Bethel, acting for appellant Ra–Comm Electronics, Inc., ordered $32,000 worth of furniture from appellee. Later in the same year, appellants ordered additional furniture. The furniture was de-livered over a long period of time, and there is evidence that some of it was defective. A dispute arose between appellants and appellee as to the amount owed.

On May 30, 1984, appellee sued Bethel, and later joined Ra–Comm, seeking $4,403 allegedly owed on the account, plus attorney's fees.

On March 7, 1985, Ra–Comm filed suit against Norman, seeking damages for untimely delivery and a credit for defective furniture. In the latter part of 1985, appellee sought to consolidate the two cases, which attempt was successfully opposed by appellants.

Despite the sworn account being filed first, the court tried the later filed suit first and awarded Ra–Comm $2,500 actual damages, $2,000 exemplary damages, and $5,000 attorney's fees. Norman did not appeal from that judgment.

On April 2, 1987, the same court began a non-jury trial on the sworn account. It awarded Norman $3,013.04 in actual damages, $4,500 attorney's fees, and $813.52 in pre-judgment interest. Appellants claim that judgment should be reversed because:

(1) the evidence was legally and factually insufficient to support an award of attorney's fees;

(2) the evidence was legally and factually insufficient to support a finding that the merchandise for which the court allowed recovery was part of a separate order, and was not included in the original purchase for which appellants had already paid; and,

(3) appellee's claim was barred by collateral estoppel and res judicata.

Bethel contends in his first point of error that Norman is not entitled to recover attorney's fees because there is no evidence to support the trial court's finding that Norman presented its claim to him, as required by Tex.Civ.Prac. & Rem. Code Ann. § 38.002 (Vernon 1986). Specifically, he contends that his testimony that he never received any of the three demand letters mailed by appellee's attorney on May 14, 1984, is uncontroverted. Appellants also point out that: two of the demand letters

were sent by certified mail and appellee never produced a green card showing appellants' receipt of the letters; one of the addresses to which one of the letters was sent was not correct; and, another letter was sent to a post office box and contained an incorrect zip code.

Presentation of a claim under § 38.002 is required to allow the person against whom it is asserted an opportunity to pay it before incurring an obligation for attorney's fees. *Jones v. Kelley*, 614 S.W. 2d 95, 100 (Tex.1981). No particular form of presentment is required and it may be written or oral. *Id.* When the question of attorney's fees is submitted to the court, the court may consider the entire case file to determine whether presentment was made. *Carrington v. Hart*, 703 S.W.2d 814, 818 (Tex.App.—Austin 1986, no writ).

Rene Zelman, appellee's president, testified that she demanded payment of the $4,403.24 from Bethel and that he did not pay it. Bethel also admitted that he saw the demand letter after Norman's suit was filed. Further, Norman's original petition and motion for summary judgment, served on appellant more than 30 days before trial, each contained a copy of Norman's invoice to Bethel for $4,403.24. Bethel does not dispute that he did not pay the balance prior to trial. The record contains sufficient evidence to support a finding that Bethel had actual notice of the claim and had 30 days within which to pay it, before trial, but failed to do so.

Appellants' first point of error is overruled.

Appellants contend in their second point of error that there was no evidence or insufficient evidence to support the trial court's finding that the purchase of a cherry bed, mattress, and box springs was not part of an order placed by appellants on March 9, 1983. The court found that the cherry bed, mattress, and box springs were ordered June 23, 1983, and constituted a separate purchase by Bethel and Ra-Comm. These findings are supported by the testimony of Rene Zelman, Norman's president, and by appellee's delivery tick-

ets. Contrary to appellants' contention, there was no admission by either Norman or its employees contradicting this testimony.

Appellants' second point of error is overruled.

Appellants' third point of error urges that appellee's claims are barred by collateral estoppel or res judicata. We overrule this point of error because neither of the doctrines apply in our situation, and if they did, they would not be available to appellants.

First, the issues, although arising out of the same transaction, were not the same in the first and second suits. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984); *Puga v. Donna Fruit Co.*, 634 S.W.2d 677 (Tex.1982).

Second, when appellee sought to consolidate the two cases for trial, appellants actively and successfully opposed appellee's motion. Thus, appellants are estopped to assert res judicata or collateral estoppel. *Sewell Paint & Glass Co. v. Booth Lumber & Loan Co.*, 50 S.W.2d 793 (Tex. Comm'n App.1932, judgm't adopted); *Blackmon v. Nelson*, 534 S.W.2d 439 (Tex. Civ.App.—Texarkana 1976, no writ).

Appellants' third point of error is overruled.

The judgment is affirmed.

## OPINION ON REHEARING

Appellants have filed a motion for rehearing contending in one point of error that we erred in affirming the award of attorney's fees that have been or will be incurred on appeal. Appellants contend that there are no pleadings or evidence to support such an award.

Appellees alleged attorney's fees generally in the sum of "at least" $1,474.41. Appellants filed no special exceptions to this pleading and waived any defects therein. Tex.R.Civ.P. 90 and 91. Appellee's pleadings are sufficient to support an award of attorney's fees incurred on ap-

peal. *Wolfe v. Speed Fab–Crete Corp. Int'l,* 507 S.W.2d 276, 281 (Tex.Civ.App.— Fort Worth 1974, no writ).

 Further, we hold that the trial court could take judicial notice of the contents of its file and the "usual and customary" attorney's fee necessary for the prosecution of an appeal to this Court and the Texas Supreme Court "without receiving further evidence," because the issue of attorney's fees was tried to the court. Tex.Civ.Prac. & Rem. Code Ann. § 38.004 (Vernon 1986). It is presumed that "usual and customary" fees are reasonable. § 38.003. Nothing in the record rebuts this presumption; therefore, further evidence establishing reasonableness of the fees was not required. § 38.004.

Appellants' sole point of error is overruled.

Accordingly, appellants' motion for rehearing is denied.