Lewis JOHNSON, Appellant,

v.

Martha JOHNSON–McHENRY, Appellee.

No. 03–97–00494–CV.

Court of Appeals of Texas, Austin.

March 5, 1998.

R. Ray Buvia, Austin, for Appellant.

Mark W. Owen, Owen, Bogart and Rogers, Elgin, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant Lewis Johnson sued Martha Johnson–McHenry for conversion of personal property and intentional infliction of emotional distress. Appellee Martha moved for summary judgment on the grounds of res judicata and collateral estoppel; she also requested attorney's fees and costs as sanctions. The trial court granted summary judgment in favor of Martha, granting all her requested relief. Lewis appeals the judgment. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The present cause began in 1988 when Martha filed a suit (the first suit) to partition family property by sale. *See* Tex. Prop.Code Ann. § 23.001 (West 1984). The property was originally owned by Leonard Johnson, who died in 1974 leaving the property to his children. Lewis and one brother opposed the sale; Martha was joined by five surviving Johnson siblings. A year later, a default judgment was entered ordering the nearly twenty acres of land be partitioned by sale. Lewis then filed a motion for new trial and the plaintiffs agreed to reinstate the case. The case lingered in court for several months due to Lewis's continual suggestion he would buy his siblings' interest in the property, and subsequent attempts by the family to settle rather than bring the case to trial. Lewis and one brother wanted to partition the property in kind in order to retain the family's ownership of the land. Martha and her other siblings wanted to sell the property assuming no one had the means to buy out the other siblings and the property was not susceptible to partition in kind. On the recommendation of an appraiser in early 1990, Martha and her co-plaintiffs had an allegedly dilapidated cabin on the property bulldozed, anticipating that would increase the chance of a sale. This cabin and its contents are at the heart of the present dispute. Martha and co-plaintiffs saw the cabin as an eyesore; Lewis apparently viewed it as the repository of family memories. In February 1991, the court determined the owners of the Johnson property and ordered a partition by sale, finding that the property was not susceptible to an equitable partition in kind. The court also ordered that survey costs and attorney's fees be deducted from the gross proceeds of the sale.

In May 1991, Lewis filed a suit (the second suit) against Martha for the wrongful conversion of his personal property and intentional infliction of emotional distress. Both causes were based on the bulldozing event; the pleadings alleged damages from the destruction of certain personal items in the cabin and the resulting emotional distress. Although both parties engaged in some discovery, the case languished without going to trial and was eventually subject to dismissal for want of prosecution. Lewis filed a motion to reinstate the second suit in April 1993, and requested a setting which was granted by the trial court. In early 1995, the court in the first suit issued an order of sale of the property in accordance with an earnest money contract that listed the property's value and named buyers.

Shortly afterward, Lewis filed a motion to consolidate the first and the second suits. Lewis alleged that the final decree in the first suit was dependent on the resolution of the second case with regard to the distribution of proceeds from the sale of the property. Martha objected to the consolidation claiming in her pleadings that the two cases "share no common questions of fact or law." The trial court denied the motion to consolidate. The Johnson property was finally sold in June 1995 in accordance with the earnest money contract and the court rendered judgment, approving and confirming the sale and ordering a distribution of the proceeds to the siblings pursuant to the 1991 order of sale.

*See* Tex.R. Civ. P. 770. A year later, Martha moved for a summary judgment in the second suit on the grounds of res judicata and collateral estoppel. She argued that the 1995 judgment in the first suit barred Lewis's actions for conversion of personal property and intentional infliction of emotional distress because (1) he had raised the same complaints in the first suit, and (2) the facts of the second suit had been fully and fairly litigated in the first suit and were essential to its determination. Martha also claimed she was entitled to attorney's fees as a sanction under Rule 13 of the Texas Rules of Civil Procedure as a matter of law. The trial court granted Martha's motion for summary judgment and awarded her attorney's fees and court costs as a sanction. Lewis appeals the trial-court judgment in two points of error.

## DISCUSSION

The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *See Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). A movant for summary judgment must prove conclusively all essential elements of an affirmative defense in order to be entitled to summary judgment on the defense. *Id.* at 67. Summary judgment may be obtained upon a plea of res judicata or collateral estoppel. *See, e.g., Puga v. Donna Fruit Co., Inc.,* 634 S.W.2d 677 (Tex.1982).

 In asserting both res judicata and collateral estoppel as defenses, Martha relies mainly on the evidence that Lewis raised the issue of the bulldozing event several times in the first action through: (1) interrogatories; (2) personal letters to the presiding judge which were filed by the court; and (3) Lewis's testimony in the 1991 and 1995 hearings. Martha contends this satisfies the require-ments of res judicata and collateral estoppel because the claims and issues in the second suit were fully and fairly litigated, already decided, and essential to the first suit.[1]

 The doctrines of res judicata and collateral estoppel cannot apply to Lewis's claim for intentional infliction of emotional distress as no such claim was ever raised in the first suit nor were any facts underlying the claim fully and fairly litigated in that suit. Neither can we hold that the facts in the emotional distress cause of action were essential to the judgment in the first suit. On the other hand, it is less than clear whether Lewis did raise in the first suit the same claims underlying his present suit for conversion, litigated the underlying facts fully and fairly, and whether such facts were essential to the judgment.

The summary-judgment evidence reveals that Lewis wrote at least two letters to the presiding judge in the first suit complaining that the cabin had been bulldozed and certain personal property destroyed. At the 1991 partition hearing, Lewis raised those same issues when his attorney asked whether he would like the judge to consider anything in deciding the case. Lewis testified to those facts again in the 1995 hearing after the judge, stating the remedy was in equity, invited Lewis to speak on any issue he felt relevant to the suit. Generally in a partition suit, the trial court determines whether the partition will be by sale or in kind, the share or interest of the joint owners or claimants, and all questions of law or equity affecting title. Tex. Prop.Code Ann. § 23.001 (West 1984); Tex.R. Civ. P. 756–771. The court then allocates to the parties their rightful shares or tracts. Tex.R. Civ. P. 768, 770. A trial court may also exercise equitable powers in a partition suit. *See Bankston v. Taft,* 612 S.W.2d 216, 217–18 (Tex.Civ.App.—Beaumont 1981, writ dism'd). Although Lewis

1. In order to be entitled to summary judgment on the defense of res judicata, a movant must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996).

A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984).

testified at great length regarding the destruction of his personal property, he did not testify as to the amount of damages. In its final judgment the trial court did not augment Lewis's share of the proceeds of sale to reflect any loss of personal property. While res judicata and collateral estoppel may be warranted if Lewis's claims were fully litigated, we need not decide whether either doctrine applies to bar the conversion suit or the claim of intentional infliction of emotional distress under the circumstances of this case.

 A party is estopped from raising res judicata or collateral estoppel as an affirmative defense in a second suit after opposing a motion to consolidate the two suits. *Bethel v. Norman Furniture Co., Inc.,* 756 S.W.2d 6, 8 (Tex.App.—Houston [1st Dist.] 1988, no writ); *see also Sutherland v. Cobern,* 843 S.W.2d 127, 131 (Tex.App.—Texarkana 1992, writ denied). In her response to Lewis's motion to consolidate, Martha reasoned that the conversion and intentional infliction of emotional distress claims should not be litigated in the partition claim because "the cases share no common questions of fact or law," "the proposed consolidation offers no judicial economy nor does it save expense for the litigants," and "no good cause for consolidation [is] shown." A party should not be allowed to profit from inconsistent positions; because of her actions and arguments during the prior litigation, Martha is estopped from asserting res judicata or collateral estoppel in this suit. *See Sutherland,* 843 S.W.2d at 131; *Bethel,* 756 S.W.2d at 8; *see also White v. Bell,* 290 S.W. 849, 851 (Tex.Civ.App.—Waco 1927, writ ref'd) (manifestly unjust to permit party to defeat opposing party's cause by offering to pay, then plead as a bar attempt to enforce payment); *National Sur. Co. v. Landers,* 235 S.W. 275, 277–78 (Tex.Civ.App.—Texarkana 1921, writ dism'd) (consent by party to action pursued by court in first suit may bar that party from insisting second suit cannot be maintained). Martha cannot first assert that the two suits are so different they cannot be consolidated and then argue that the present claims are barred because they were or should have been raised in the first suit and were essential to that judgment. *See Sewell Paint & Glass Co. v. Booth Lumber & Loan Co.,* 50 S.W.2d 793, 794 (Tex. Comm'n App.1932, judgm't adopted); *Sutherland,* 843 S.W.2d at 131.

While we acknowledge the unnecessarily long and painful path of this litigation dating from 1988, in light of long-standing Texas law Martha cannot prevail on her summary judgment on the grounds of res judicata or collateral estoppel. We sustain point of error one.

In his second point of error, Lewis complains the trial court erred in granting Martha's motion for summary judgment on the issue of sanctions. In its order granting summary judgment, the court awarded Martha attorney's fees and court costs as a sanction under Rules 13 and 215(2)(b) of Texas Rules of Civil Procedure "after notice and hearing and for good cause supported by uncontroverted evidence," including "[p]laintiff's prosecution of this cause after pleading and arguing his claim in a prior action and doing so for the sole purpose of harassment." Having determined that res judicata and collateral estoppel cannot support the summary judgment, we hold the trial court abused its discretion in sanctioning Lewis. We sustain appellant's second point of error.

## CONCLUSION

Because appellee opposed an earlier motion to consolidate the two suits, we hold she is estopped from raising res judicata and collateral estoppel defenses in the present action. We also conclude the trial court erred in awarding sanctions. We reverse and remand the cause to the court for proceedings consistent with this opinion.