Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the Twelfth Court of Appeals
1517 W. Front St., Suite 354
Tyler, Texas 75702
Tel 903 593 8471, Fax 903 593 2193

Appeal:  12-15-00226-CV

From: Cause No. 2014-0349-CCL2

Richard Thompson  (heir in Estate of Wm. McGeorge)

vs.

Blackberry LC (aka Bob Anderson, Esq.) fax 903 232 1881



FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC 21 2015

TYLER/TEXAS
PAM ESTES, CLERK

**Memo of Law on Partition Sales: Parties and shares not resolved prior to private sale for $75,000 (90% of $84,500 shortfall) calculated to bring Anderson's $84,600 prior payout\* up to the $169,100 Tax Assessment, and the conflict of Tony Roling to the class**

1. Partition by sale requires all parties be heard and their rightful shares determined prior to sale, see article by James Willis, Esq., **EXH. A**, but Thompson was not heard, alleged shares due John Shoemaker's non-existent heirs commandeered by Anderson, the property was sold secretly at less than half its accessed value (unless a ploy to increase the $84,600 Anderson paid McGeorge in order to validate County taxes), and Anderson's co-owner Roling got a gift of $5,861.

2. Partition by sale requires the entire property be sold, the figures suggest only half was sold - a pre-partitioning created by Anderson's liability to the McGeorge Estate.  Anderson was trying to have heirs sign over their shares or sell them for $600/acre, see his letter to Ethelwynn Bowen and her refusal, **EXH. B**,  When this failed he asked the court to sell it, pay off the minority holders to give him clear title.  The court obliged, but some heirs are unknown and their shares may remain in court registry for perpetuity, at least one heir (me) refused payment, and the pre-agreed buyer, Anderson, had already paid $84,600 - so this was not the typical partition by sale prescribed by law.  Partitioning by sale (unlike partitioning in kind) is a misnomer - it is a forced cashiering of defendants at an artificial price decided by the court, not the market.

3. From Thompson's pleading that either Anderson's price was too low, or the tax assessment too high, see my faxed testimony at 10-23-14 hearing, **EXH. C**, the court apparently agreed that it was better to have Anderson meet the taxed price than cut county assessments in half.  So the

1

Receiver said, and the court agreed, Anderson should make up the difference (avoiding appearance of foul play). Several fatal flaws resulted, see distribution order of 8/3/15, **EXH D**:

4. Anderson's $75,000 is not the property value, is not restitution to heirs and cannot be termed a 'sale" under partition law; $34,290, or 45.72% went back to him ($29,654, $3565, and $1941) because distribution is based on prior purchases at only $600/acre. Lawyers got $18,670 (Moore $1800, Reader $12644, Echols $4126), and shareholders paid off for only $22,040.

5. By ordering a sale [to the Plaintiff] before determining the distribution, the fix was in, i.e., the larger Anderson's share, the less his cost to match the County tax assessment.

6. "Defendant" Tony Roling, who also obtained his shares under the rubic of driller rights giving unlimited use of land and water, benefited from this charade for $5861 - his interest in the litigation conflicts with the heirs, (he is not in the same class) - trial court made his position superior to the heirs he swindled. He did not sell to Anderson because the price was too low - the same figure he used to beguile heirs. His acquiescence was detrimental to class, but his separation would also expose Anderson's double dealing - as co-owners they shared a common secret in taking the estate at half price - this remains an unresolved dilemma for the court.

7. Because Anderson had locked up an alleged 87% (illegal) interest, and most of the remainder belonged to unknown heirs who may never be paid, the sale was total sham, serving the court's appointed receiver and ad litem, and Roling - Anderson's share is now confused - only 57%, according to the court's distribution, see EXH. D.

8. The concocted half sale could not award Anderson the shares held by unknown heirs (nor those of Harold McGeorge - whom I petition to represent).

9. The $75,000 was nothing more than a personal accommodation by the court under color of law - the mantle of a third party receivership; in no way was it a sale, open to other buyers - it was a capricious and prejudicial judgment to cover-up decades of uncompensated surface use,

10. The Clerk of the Twelfth Court has advised that my Memo of Law on Surface Rights needs be couched as a motion, and so might rule this memo, however, Appellant has already moved the court by his appeal, and prior motions can be augmented, supplemented or modified as new facts are discovered. The court is at liberty to consider these memos, and Appellee free to respond. Indeed, it is incumbent on the court to consider all pertinent case law and to make inquiry where necessary. It has instructed the County Court to forward the record (replete with corrupted docket) which it could have done without demanding $320 or shutting down appeal.

11. Trial court has erred in releasing monies while the case is on appeal - notice of payout was dated 8/6/15, just three days after final order of 8/3/15, preempting the normal 10 day time to

give notice of appeal - which I gave on 8/12/15; the amount is contested, distribution of shares is contested because of collusive fraud, and the whole preceding contested because Anderson had a conflict of interest with Estate Executor and no business contact with Thompson.

12. In my answer to lawsuit I repudiated my mother's acquiescence - Marjorie Thompson, 1/24[th] interest (as her agent I had been duped), and that should appear on the County record as unsold ownership, all other shares to be recalculated - failure to do so would be confiscation.

13. The conveyance of 87% of the estate by Executor Royal McGeorge, who never divulged the tax assessment - which he knew and was paying - is prima facia evidence of collusion against the McGeorge Estate, and the $75.000 make up at my urging proof land had been taken wrongfully.

14. To compound the mischief, Executor kept the $84,600 - "to reimburse him for the taxes he paid in our behalf." Had he charged for use of land and water the taxes would have been covered.

15. The estate remains in de facto receivership with Anderson the apparent CEO, its earnings still due and payable to those who appealed, or who may appeal in the future when they realize the Executor did not protect their interest. Anderson is still liable to heirs for at least $169,100, free to clawback the $84,600 he paid Executor, and accountable for lost revenue.

16. (Anderson complained he only learned of appeal through Bradley Echols, but Echols was the attorney for Receiver who served final order on Thompson, thus my notice went to Echols who was the ostensible agent for Plaintiff.)

*Based on Anderson's 87% claim against 162 acres @ $600/acre ($97,200 x .87 = $84,564)

I hereby certify this reply has been served on Appellee, 11/30/15 by First Class Mail.

Verified true and correct to the best of my knowledge, under penalty of law.

*Richard Thompson*

Richard Thompson

12/16/15

(Blackberry - Memo on Partition by Sale & Roling 12-16-15)

3

DAVID J. WILLIS ATTORNEY
http://www.LoneStarLandLaw.com
Copyright © 2013. All rights reserved worldwide.

# Partitions of Texas Property

by David J. Willis
Attorney at Law

"Partition" is the legal term referring to division of real property among joint owners. It may be voluntary, by agreement or partition deed; or, if no agreement is reached, one or more joint owners may seek a court-ordered division by means of a partition suit. It is also possible to file a "friendly" partition action if the parties desire a court decree that ratifies their agreement. Note that partition is not the appropriate remedy when there is no common title or title is in dispute.

There are two kinds of judicially-ordered partition: partition in kind, which refers to the actual physical division of land by metes and bounds; and a judicially-ordered sale of the property, when partition in kind is not feasible or cannot be achieved fairly and equitably.

The right to a partition is absolute so long as the petitioning party is a joint owner of the land to be partitioned and has an equal right to possess it with the other joint owners, subject to any leases. There is no effective defense to such an action that is properly brought by someone who qualifies. Spires v. Hoover, 466 S.W. 2d 344, 346 (Tex.App. - El Paso 1971, writ ref'd n.r.e.). However, the right to partition may be waived or contracted away. The real fight in many partition cases is about the pro rata shares of the parties and whether or not the property should be partitioned in kind or sold.

Originally an equitable proceeding at common law, partition is now a statutory action. The applicable law is set forth in Texas Property Code Sec. 23.001 et seq. and Rule 756 et seq. of the Texas Rules of Civil Procedure. Sec. 23.002 specifies that jurisdiction lies in the district court in the county in which the property is located. Rule 756 and the rules that follow set forth the procedure necessary to accomplish a fair and equitable partition. Other than the specific requirements contained in Sec. 23.001 et seq. and Rule 756 et seq., partition cases are governed by the same rules and procedures as other civil cases, including entitlement to a jury trial. All parties with an interest in the property must be joined in the litigation.

The goal of a partition suit is well defined. "In a partition suit, the trial court determines whether the partition will be by sale or in kind, the share or interest of the joint owners or claimants, and all questions of law or equity affecting title. The court then allocates to the parties their rightful shares or tracts." Johnson v. Johnson-McHenry, 978 S.W.2d 142, 144 (Tex.App. - Austin 1998, no pet.). Although a partition action does not generally contemplate monetary damages (except in the event of waste to the property), auxiliary relief such as an accounting for rents and profits may be requested. Contribution and reimbursement issues may also arise as to taxes paid, improvements made, and expenses incurred in connection with the property.

The law favors partition in kind over partition by sale. "The court . . . decides whether the property is 'susceptible to partition;' and if not . . . orders a sale of the property." Spigener v. Wallis, 80 S.W.3d 174, 178 (Tex.App.- Tyler 1979, no writ). Susceptibility to partition varies according to the type of property; clearly, a 100 acre farm may lend itself favorably to partition in kind while a single-family residence on a lot and block may not. Economic factors are also a factor. "If the property can be divided in kind without materially impairing its value, a sale will not be ordered. . . ." Cecola v. Ruley, 12 S.W.3d 848, 855 (Tex.App.- Texarkana 2000, no pet.). Sales of property are conducted by the sheriff or the constable as in other executions upon judgments; alternatively, the court may direct that a receiver be appointed to sell the property at private or public sale. The proceeds of the sale are returned to the court for distribution.

Note that if the property is sold at public auction, the sheriff is required to notify the parties of the date and time of sale. Gibson v. Smith, 511 S.W.2d 327, 328 (Civ.App.-Tyler 1974, no writ). Any party to the suit may bid on the property along with other members of the public.

Rule 761 provides that if the property can be fairly and equitably divided into separate tracts, then the court shall appoint three or more "competent and disinterested persons" to act as commissioners in designing a plan to divide the land, arrive at an estimated value of each share, and allot the shares among the various owners. The commissioners are appointed by means of a "Writ of Partition" that is issued by the clerk of court and accompanied by the court's order directing that the property be partitioned. The Writ of Partition may also appoint a surveyor to assist the commissioners. A report is then prepared and submitted for the court's approval. The parties to the suit

have 30 days to file objections to the report. If objections are filed, the court must hold a trial on the objections. The court then enters a judgment that may be appealed as in other civil cases, but the appellate court is directed by Rule 781 to give preference on its docket to an appeal of a partition judgment.

If the partition is "in kind," the final decree results in the parties obtaining exclusive use and possession of their respective tracts along with the power to dispose of same as they see fit, without consent or involvement by the previous joint owners. The judgment, however, does not create any warranties of title that did not exist before.

Costs in a partition action are paid by each party pro rata according to the value of that party's partitioned share. However, the considerable expense and delay involved in meeting the procedural requirements of a partition suit are a powerful incentive for the parties to settle. If a receiver is appointed, the cost (paid for by the sales proceeds) can be disastrous. A surveyor and appraisers are often employed. Additionally, since sheriff sales do not generally obtain the best possible price for real property, the parties should carefully consider the advisability of reaching a settlement agreement that provides for private sale of the property (ie., without court involvement) at fair market value.

## DISCLAIMER

Information in this article is proved for general educational purposes only and is not offered as legal advice upon which anyone may rely. Legal counsel relating to your individual needs and circumstances is advisable before taking any action that has legal consequences. Consult

EXH. B

Bob Anderson
2110 Horseshoe Lane
Longview, Texas  75605-5628

Telephone: 903.232.1885 / Fax: 903.232.1881
e-mail: banderson@smeadlaw.com

July 19, 2013

Ethelwynn Clark Bowen
1128 Sky Hawk Mountain Road
Hiawassee, Georgia 30546

Re:     McGeorge Estate
        Gregg County, Texas

Dear Ms. Bowen:

This is a follow-up to our phone conversation regarding a very small surface interest that you inherited in Gregg County, Texas, from a distant relative, John Shoemaker.  For background, this tract was originally acquired by your great-grandfather and great-grandmother, William McGeorge, Jr., and wife, Mary McGeorge.  Upon their deaths the interest passed to their eight children which included your grandmother, Ethelwynn Schoff.  On Ethelwynn Schoff's death, her undivided 1/8th went to her four children, including your mother, Muriel Schoff Clark.  Your mother would have inherited a 1/32nd interest.  Your mother died June 29, 1989, per Supplemental Affidavit filed in the Deed Records of Gregg County, and upon her death her interest passed entirely to you.  My understanding is that your mother had another child that predeceased her and who did not have children.  You then sold all of your interest in 1992 to Tony Roling.  A copy of this deed is enclosed.

You inherited an additional interest in 2003 when a distant relative, John Shoemaker, died without a will, without children, and without a surviving spouse.  He also had no siblings and his mother predeceased him.  His mother was Mabel Shoemaker, who was a sister to your grandmother, Ethelwynn McGeorge Schoff.  Because of these facts, 1/2 of John Shoemaker's interest passed to his maternal kindred, and 1/2 to his paternal kindred, that is, 1/2 of what John Shoemaker owned has to be traced back to his grandfather and grandmother, William McGeorge, Jr., and wife, Mary, and then filtered back down through all the heirs of William McGeorge, Jr., and wife.

In calculating the shares, John Shoemaker inherited an undivided 1/8th from his mother.  Only five of the William McGeorge children had living descendants at the time of John Shoemaker's death, hence, the Ethelwynn Schoff heirs would have inherited 1/5 x 1/2 x 1/8, or 1/80, from Shoemaker.  Ethelwynn Schoff had four children, hence, each child (or the heirs of

each child in most cases) would have inherited 1/4 x 1/80 or 1/320. This is the interest that you inherited as the sole heir of Muriel Schoff Clark.

I have acquired most of the surface interest and need to clean up my title by either acquiring the remaining interests or partitioning the land. The interest that I bought from the others was based on a price of $600 per acre. This price may seem low, but much of it is in a flood plain, the timber has been clear-cut (prior to my acquisition), and it has extensive oil and gas operations being conducted on the surface. I will also assume any property taxes owed against your interest. Based upon your interest of 1/320 each which is 0.50625 net acres, the price works out to $303.75 total. I know that this is a small amount, but it is just something I have to take care of to clean up my title. I will either need to buy the interest from you or include you in a partition suit.

I have taken the liberty of preparing a proposed deed. If you would sign the deed, have it properly acknowledged, and return to me in the enclosed, self-addressed envelope, I will forward payment to you upon receipt. I am an attorney and former bankruptcy trustee, but if you have some hesitation about delivering the deed to me prior to receiving payment, I could arrange for a title company to serve as escrow. Hopefully you will not consider this necessary considering the relatively small amount involved. Also, I do not intend to be presumptuous by sending you the deed. I understand that you have not accepted my offer at this point, but I am trying to acquire as many as I can locate of the last few remaining heirs on this tract of land.

Because there are a few heirs that I will be unable to locate, I know that I will soon have to file a partition suit against the unknown heirs and any owners whose interest I cannot purchase. This type suit is not as adversarial as most suits and I do not want this to sound as a threat, but I will have to make you a party to the suit if I cannot purchase the interest.

Please consult with your advisors on financial matters or your attorney and let me know what you decide to do.

Sincerely,

Bob Anderson

BA/ci

enclosures

F:\Documents\Clients\misc.ba\PERSONAL FAMILY FILE\L to Bowen, Ethelwynn Clark.wpd

1124 Skyhawk Mountain Road
Hiawassee, GA 30546
July 27, 2013

Bob Anderson
Smead, Anderson and Dunn
2110 Horseshoe Lane
Longview, TX 75605-5628

Dear Mr. Anderson,

I am not interested in selling the 0.5065 net acres in Gregg County that I own. Granted, it's a small piece of property but since it came down from my great grandfather I want to hold on to it and pass it down to my children at some future time.

Please do not name me in your partition suit.

Sincerely,

*Ethelwyn Bowen*

Ethelwyn C. Bowen

*[notary signature]*

*March 31 2017*

Georgia
Notary Public
Towns County
Fred Spring
My Comm. Exp.
March 31, 2017

## Bob Anderson
## 2110 Horseshoe Lane
## Longview, Texas 75605-5628

## Telephone: 903.232.1885 / Fax: 903.232.1881
## e-mail: banderson@smeadlaw.com

August 8, 2013

Ethelwyn Clark Bowen
1124 Skyhawk Mountain Road
Hiawassee, Georgia 30546


Re:     McGeorge Estate
        Gregg County, Texas


Dear Ms. Bowen:

I would like to accommodate you on your desire not to be a part of a partition but any partition suit needs to name all owners. I can not just leave the tract unpartitioned. That would seriously harm the value of my investment. The only way to avoid making you a party to a partition suit if you will not sell would be to partition the land in kind with those who do not want to sell. If you want to try this, I will provide you a list of those who have not sold and if you can get them all to agree to take a part of the land, then we could partition in kind if we can agree on each party's part, but I don't expect you will be able to get everyone on board and doubt that you will even be able to locate some of them.

I am surprised at the sentimental attachment. You earlier sold all of your interest and now have an interest only due to the death of a distant relative without a will or without closer relatives. Also, it was my impression that this was never an old family farm. None of the McGeorge family members have had much contact with this land for many years.

Let me know if you want the addresses of those that I have been able to locate and have not sold.

Sincerely,

Bob Anderson

BA/ci

F:\Documents\Clients\misc.ba\PERSONAL FAMILY FILE\L to Bowen, Ethelwyn Clark 2.wpd

# SMEAD, ANDERSON & DUNN

ATTORNEYS AT LAW

BOB ANDERSON

MICHAEL L. DUNN

2110 Horseshoe Lane
Longview, Texas 75605-5628
Telephone: 903/232.1880
Facsimile: 903/232.1881

**Writer's Direct Dial:**
903/232.1885
**Writer's E-Mail:**
banderson@smeadlaw.com

April 21, 2014

Ethelwyn Bowen
1124 Skyhawk Mountain Road
Hiawassee, Georgia 30546

Re:     Case No. 2014-0349-CCL2;
        *Blackberry, LC v. Ethelwynn Bowen et al*
        County Court at Law 2 of Gregg County, Texas

Dear Ms. Bowen:

I received a copy of your answer in which you state you oppose the partition suit and make the statement that "this land was passed down from my great grandfather McGeorge." The interest that you currently have was not passed down to you from your great grandfather, but from a distant relative, John Shoemaker. The interest that was passed down to you from your great grandfather was sold by you to Tony Roling in 1992. A copy of this deed is enclosed. You did not own any interest in this property between 1992 and 2003 when you inherited the interest from John Shoemaker because he died without a will and without any closer relatives. This may not matter as to whether or not you oppose the partition, but I wanted you to be aware of these facts, if you were not already.

Sincerely,

SMEAD, ANDERSON & DUNN

Bob Anderson

BA/ci

enclosure

F:\Documents\Clients\Blackberry v McGeorge heirs 6566.001\L Bowen, Ethelwyn - xmit deed to Roling.wpd



```
            ┌─────────────────────────────────────┐
            │  TRANSMISSION VERIFICATION REPORT    │
            └─────────────────────────────────────┘

                              TIME  : 10/23/2014 11:40
                              NAME  : STAPLES WEST CHESTER
                              FAX   : 6106968519
                              TEL   : 6106968311
                              SER.# : 000A2N234191
```

```
┌──────────────────────────────────────────────────────────────┐
│                                                                │
│   DATE,TIME            10/23  11:40                             │
│   FAX NO./NAME         19032372574                             │
│   DURATION            00:00:37                                 │
│   PAGE(S)              01                                       │
│   RESULT               OK                                       │
│   MODE                 STANDARD                                │
│                                                                │
└──────────────────────────────────────────────────────────────┘
```

# URGENT /

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

PLEASE HAND DELIVER TO
JUDGE DOL WEBER IMMEDIATELY -
TRIAL IN PROCESS ! R.T. 10/23/14

In the County Court at Law #2
Gregg County, Texas

Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC (Bob Anderson by Admission) fax 903 232 1881

vs.

Ethelwynn Bowen, et. al.

### Supplement to Defendant Thompson's -
### Preliminary Objection to Plaintiff's First Amended Petition and Motion to Rescind Order for
### "Final Non-Jury Trial" scheduled for 10-23-14

1. Defendant Richard Thompson has just discovered that Plaintiff's offers to heirs of $600/acre is below the Gregg County Appraisal District (903-238-8823) assessment as follows

|           | Account No. | Acres | Assessment | Value / Acre |
|-----------|-------------|-------|------------|--------------|
| Tract one | 23043       | 49.78 | $ 76,870   | $1540        |
| Tract two | 23049       | 112.4 | $ 92,230   | $ 840        |
| Total     |             | 162.2 | $169,100   | $1042        |

2. Description of "rural land," and "minimum use," is out of date and inaccurate, as property has numerous active wells, pumps, tanks, roads and is extensively used for oil and gas production

the Court ORDERS the District Clerk to pay the following amounts as final distribution from the funds in the registry of the Court:

| | | | |
|---|---|---|---|
| Reimburse taxes | $ | 3,564.86 | Payable to Bob Anderson |
| Reimburse court costs | $ | 1,041.00 | Payable to Bob Anderson |
| Ad litem | $ | 1,800.00 | Payable to John Moore |
| Receiver's Fee | $ | 12,644.50 | Payable to Michael D. Reader |
| Receiver's Attorney Fee | $ | 4,126.14 | Payable to Boon Calk Echols Coleman & Goolsby, PLLC |
| **SUB-TOTAL** | $ | **23,176.50** | |

## OWNERSHIP INTERESTS:

%

| | | | |
|---|---|---|---|
| Bob Anderson (Blackberry) | $ | 29,654.46 | 57.22 |
| Ehtelwynn Bowen | $ | 586.14 | 1.13 |
| Tony Roling | $ | 5,861.41 | 11.31 |
| Richard Thompson | $ | 260.51 | .50 |
| Unknown Heirs (Remains in registry of the Court) | $ | 11,722.83 | 22.62 |
| Thomas Yocom | $ | 2,149.12 | 4.15 |
| Timothy Eckenrode | $ | 130.25 | .25 |
| Christina Frank | $ | 52.11 | .10 |
| Joseph S. Klimczack, Jr. | $ | 52.11 | .10 |
| Robert A. Klimczack | $ | 52.11 | .10 |
| Timothy Callahan | $ | 1,302.45 | 2.51 |
| **SUB-TOTAL** | $ | **51,823.50** | 99.99 |
| **TOTAL** | $ | **75,000.00** | |

This Order is final.