

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00265-CV
_____

PAT STEVENS AND CHERYL STEVENS, APPELLANTS

V.

JON AVENT, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2018-533,023; Honorable Ruben G. Reyes, Presiding

March 15, 2022

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellants, Pat Stevens and Cheryl Stevens, appealed the trial court's judgment awarding Appellee, Jon Avent, $41,423.23 in economic damages and $15,275.00 in attorney's fees in his suit for breach of contract. By *Memorandum Opinion* dated February

9, 2022, this court affirmed that judgment.[1] The Stevenses timely filed a *Motion for Rehearing,* re-urging their third issue, on the basis that our original opinion failed to adequately address whether the evidence presented was legally sufficient to support the finding that Avent *presented* his claim for purposes of determining whether he was entitled to recover his attorney's fees. The Stevenses maintain that rehearing should be granted because this court's prior opinion analyzed *pleading* sufficiency and not *evidentiary* sufficiency. Remaining convinced that our prior opinion reached the proper conclusion, we write now to address the issues raised by the Stevenses' *Motion for Rehearing.* The *Motion for Rehearing* is denied.

### APPLICABLE LAW

In a breach of contract suit, in addition to the amount of a valid claim, a prevailing party may recover the amount of reasonable and necessary attorney's fees incurred in the prosecution of that claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). In order to recover attorney's fees, the claimant must (1) be represented by an attorney, (2) have presented the claim to the opposing party or to a duly authorized agent of the opposing party, and (3) payment for the just amount owed must not have been tendered before the expiration of the thirtieth day after the claim was presented. *Id.* at § 38.002. As such, presentment is a condition precedent to the recovery of attorney's fees under section 38.001.

The purpose of presentment is to allow the person against whom the claim is being asserted an opportunity to pay the claim within thirty days of receiving notice of that claim

---

[1] *Stevens v. Avent*, No. 07-20-00265-CV, 2022 Tex. App. LEXIS 961 (Tex. App.—Amarillo Feb. 9, 2022, no pet. h.) (mem. op.).

without incurring an obligation for attorney's fees.  *See Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981).  There is no prescribed form for presentment; all that is necessary is that the claimant assert a valid debt or claim, a request for payment, and the opposing party's failure to pay within thirty days.  *Id.*

At trial it is the claimant's burden to plead and prove presentment of a claim and failure of performance.  *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) (op. on reh'g).  "But when a claimant avers in its petition that all conditions precedent to recovery have occurred or have been performed, it is required to prove only those conditions precedent that have specifically been denied by the opposing party."  *Shin-Con Dev. Corp. v. I.P. Invs. Ltd.*, 270 S.W.3d 759, 768 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. R. CIV. P. 54).

When the question of attorney's fees is submitted to the trial court, the tribunal may consider the entire case file, including the record of the underlying trial, to determine whether and when presentment was made.  *See Transcon. Realty, Inc. v. McGuire, Craddock, Strother & Hale, P.C.*, No. 05-09-00884-CV, 2011 Tex. App. LEXIS 2968, at *8-9 (Tex. App.—Dallas April 20, 2011, pet. denied.); *Bethel v. Norman Furniture Co.*, 756 S.W.2d 6, 8 (Tex. App.—Houston [1st Dist.] 1988, no writ).

### ANALYSIS

In this matter, all questions of fact were submitted to the trial court.  As such, the question of presentment was just one of many fact questions the trial court was called on to resolve.  Relying on Rule 54 of the Texas Rules of Civil Procedure, as well as *Beauty Elite Group, Inc. v. Palchick*, No. 14-07-00058-CV, 2008 Tex. App. LEXIS 1918, at *14

3

(Tex. App.—Houston [14th Dist.] March 18, 2008, no pet.), and *Pike v. Tex. EMC Mgmt.,  LLC*, 579 S.W.3d 390, 422 (Tex. App.—Waco 2017), *aff'd in part sub. nom. & rev'd &  remanded in part on other grounds*, 610 S.W.3d 763 (Tex. 2020), Avent asserts that he did not need to prove presentment of his claim because it was "sufficient to aver generally that all conditions precedent have been performed or have occurred," thereby shifting the burden to the Stevenses to specifically deny that this condition precedent had not occurred.  According to his argument, because the Stevenses never specially excepted to his pleadings, he was not required to produce any evidence of presentment.  Avent's argument is all well-and-good, with one glaring deficiency—he never averred, generally or otherwise, that all conditions precedent had been performed.

Avent's argument notwithstanding, we need not decide whether he was relieved of the burden to prove presentment under these circumstances because our review of the record, which consists of the pleadings and the transcript of the proceedings before the trial court, demonstrate that he presented his claim to the Stevenses more than thirty days prior to trial and the Stevenses failed to pay that claim.  The evidence presented at trial sufficiently established that the Stevenses were aware that Avent was asserting a breach of contract claim against them and that he was demanding payment of that claim.  Construing section 38.002 generously, as we must do,[2] we conclude the record and the pleadings sufficiently support the trial court's finding concerning the presentment of Avent's contractual claim and a request for payment.  The undisputed facts further show the Stevenses never paid that claim.  We, therefore, further conclude that the pleadings and the trial testimony satisfy the presentment requirement of section 38.002.  *See id.* at

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.005.

§§ 38.002(2), 38.005. Accordingly, were we to further address the Stevenses' third issue regarding the sufficiency of the evidence supporting the trial court's finding of presentment, we would overrule that issue.

### CONCLUSION

The Stevenses' *Motion for Rehearing* is denied.

Patrick A. Pirtle
Justice

Doss, J., dissenting in the denial of the *Motion for Rehearing*.